■ MEZZACAPPA BROS., INC., Appellant, v CITY OF NEW YORK, Respondent. [815 NYS2d 549]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 18, 2004, which granted defendant's motion to amend its answer to assert an affirmative defense based on contract, and thereupon granted summary judgment dismissing the complaint, unanimously affirmed, without costs.

The parties entered into a contract in 1995 for the delivery and installation of water mains and appurtenances. The contract was subsequently extended to May 2, 1997, after which defendant rescinded all remaining work orders. After an unsuccessful effort to obtain another extension of the contract, plaintiff received final payment in October 2001, and cashed that payment in December. In January 2002, three months after final payment was sent and six weeks after it was cashed, plaintiff served a notice of claim on the Comptroller.

This action was commenced in April 2002. After joinder of issue, defendant sought to amend its answer to include an eleventh affirmative defense that plaintiff had failed to serve a timely statement of claim on the City. Article 44 of the contract required the contractor to serve a detailed and verified statement of any claim on the contracting agency and the Comptroller within 40 days after the mailing of final payment.

Leave to amend a pleading is freely granted within the court's discretion (CPLR 3025 [b]) in the absence of prejudice or surprise (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957 [1983]). Since defendant was entitled to rely on article 44, the motion court properly permitted the pleading amendment to allege plaintiff's failure to meet the notice-of-claim requirement. Such requirements constitute "conditions precedent to suit or recovery" (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92

NY2d 20, 30-31 [1998]; *see also City of New York v Port Auth. of N.Y. & N.J.*, 284 AD2d 195 [2001]). Where the parties to a contract have made an event a condition of their agreement, there must be strict compliance (*see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685 [1995]). Accordingly, plaintiff is precluded from maintaining the present action.

We have considered plaintiff's other arguments and find them unavailing. Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.