■ ROBERT LETTIERI, Appellant, v ANSWORTH ALLEN, M.D., et al., Respondents. [873 NYS2d 39]—

Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 30, 2008, in an action for injuries allegedly sustained during surgery, dismissing the complaint pursuant to an order that granted defendants' motion for leave to amend their answers to assert the affirmative defense of statute of limitations, and, upon amendment, to dismiss the complaint pursuant to CPLR 3211 (a) (5), unanimously affirmed, without costs.

The motion court properly granted defendants leave to amend their answer to raise the affirmative defense of the statute of limitations (*see* CPLR 3025 [b]). Although the motion was made on the eve of trial and more than two years after defendants answered the complaint, given plaintiff's assertion that his intent from the inception of the action was to pursue a claim for battery, which is governed by a one-year statute of limitations (CPLR 215 [3]), he cannot reasonably claim to have been prejudiced or surprised by defendants' request to amend their answers (*see Solomon Holding Corp. v Golia*, 55 AD3d 507 [2008]; *Seda v New York City Hous. Auth.*, 181 AD2d 469 [1992], *lv denied* 80 NY2d 759 [1992]). Furthermore, contrary to plaintiff's argument that defendants waived the defense since they had notice of his intention to pursue a battery claim, the record shows that plaintiff consistently described his action as one for medical malpractice, not battery, and his allegations

that defendants' decision to perform a tenotomy resulted from their misdiagnosis of a torn biceps tendon as a superior labrum anterior-posterior tear, coupled with his consistent assertions that defendants treated him without his informed consent, are the essence of a claim for lack of informed consent (*see Messina v Alan Matarasso, M.D., F.A.C.S., P.C.*, 284 AD2d 32 [2001]). Concur—Andrias, J.P., Nardelli, Catterson, Acosta and De-Grasse, JJ.