◼ HEITHEM ANOUN, Appellant, v CITY OF NEW YORK, Respondent. [926 NYS2d 98]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered October 19, 2009, which granted defendant's motion to amend its answer to change an admission of ownership of the alleged accident location to a denial, unanimously affirmed, without costs.

Plaintiff alleges that on July 1, 2008, he tripped and fell over a depressed metal grating located in the ground at Chelsea Waterside Park. Plaintiff served a timely notice of claim upon defendant and, on November 5, 2008, commenced this action. In January 2009, defendant answered and admitted ownership and control over the area where the accident occurred.

Defendant subsequently moved for, inter alia, summary judgment, arguing that it did not own the subject park. Defendant provided evidence that the property was owned by the State. When defendant realized that it had previously admitted ownership, defendant moved for leave to serve an amended answer and to stay a determination of the summary judgment motion.

It is well established that leave to amend a pleading is freely given "absent prejudice or surprise resulting directly from the delay" (*Fahey v County of Ontario*, 44 NY2d 934, 935 [1978]; *see* CPLR 3025 [b]). "Prejudice arises when a party incurs a change in position or is hindered in the preparation of its case or has been prevented from taking some measure in support of its position" (*Valdes v Marbrose Realty*, 289 AD2d 28, 29 [2001]). Here, the 90-day period within which plaintiff could serve the State with a notice of claim terminated on September 29, 2008, more than three months prior to defendant's admission of ownership. Thus, the admission could not have caused plaintiff any prejudice. For the same reasons, plaintiff's claims of estoppel are unfounded (*see Baje Realty Corp. v Cutler*, 32 AD3d 307, 310 [2006]).

Although it may ultimately be found that defendant participates in the park's operation or retains some control over it, that does not warrant denial of the motion to amend. On such a motion, the court considers "the sufficiency of the merits of the proposed amendment" (*Heller v Louis Provenzano, Inc.*, 303 AD2d 20, 25 [2003] [internal quotation marks omitted]). Here, defendant's submissions, which included an affidavit of the title examiner and appropriation maps showing that the property was the subject of a taking by the State, were sufficient to support the proposed amendment (*see e.g. MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499 [2010]). Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Acosta, JJ.