■ CADLES OF GRASSY MEADOWS II, L.L.C., Respondent, v EDWARD B. LAPIDUS, Appellant, et al., Defendant. [940 NYS2d 263]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered October 6, 2011, which, inter alia, denied defendant Lapidus's (defendant) motion, pursuant to CPLR 5240, for a protective order restraining plaintiff from further efforts to enforce a judgment rendered in the State of Connecticut and filed in New York pursuant to CPLR 5402, unanimously affirmed, with costs.

Defendant's challenge to the validity of the chain of assignments through which plaintiff acquired the Connecticut judgment is not an impermissible collateral attack on the judgment, since it challenges not the merits of the judgment but plaintiff's standing to file the judgment in New York. It therefore is reviewable by New York courts (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5402:2 ["Since New York . . . is just lending its judiciary to aid the enforcement of the foreign judgment, it should base a vacatur on only such defect as goes to the registration procedure itself, or . . . manifests some proceeding in the original rendering court that has divested the underlying foreign judgment of its validity"]). However, defendant waived the defense of lack of standing by participating in this proceeding for years without raising it (*see CDR Créances S.A.S. v Cohen*, 77 AD3d 489 [2010]). In any event, plaintiff established the validity of the assignments by submitting a certified copy of the Connecticut judgment and certified copies of the assignments, which were filed with the Superior Court of the Judicial District of Hartford in Connecticut (*see Cadle Co. v Biberaj*, 307 AD2d 889 [2003]).

Since the Connecticut judgment was valid and enforceable in that State on May 10, 2006, the date on which plaintiff filed it in New York, the New York judgment became a distinct entity with a term of enforceability of 20 years from that date (*see* CPLR 211[b]; *Roche v McDonald*, 275 US 449 [1928]; *Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2009 NY Slip Op

32650[U] [Sup Ct, NY County 2009], *revd on other grounds* 87 AD3d 119 [2011]; *Mee v Sprague*, 144 Misc 2d 1057, 1059 [Sup Ct, Westchester County 1989]). We have reviewed defendant's remaining contentions and find them unavailing. Concur— Andrias, J.P., Sweeny, Moskowitz and Manzanet-Daniels, JJ.