■ MEYERSON CAPITAL V. LLC, Appellant, v MICHAEL ANDERSON, Respondent, et al., Defendants. [973 NYS2d 113]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered April 13, 2012, which granted in part defendant Michael Anderson's (defendant) motion to vacate a judgment of foreclosure and sale, unanimously reversed, on the law, without costs, and the motion denied.

As a preliminary matter, defendant's motion to vacate the judgment lacks a basis in law. The judgment was not entered on default, and defendant did not establish any other ground for the motion (see CPLR 5015 [a]; see Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities, 133 AD2d 30, 33 [1st Dept 1987], affd 70 NY2d 831 [1987]). The motion should have been denied for this reason alone.

Defendant's sole stated defense was plaintiff's lack of standing. However, defendant, who appeared by counsel in the foreclosure action, never raised this argument, although it is based on documents submitted in that action (see CitiMortgage, Inc. v Rosenthal, 88 AD3d 759, 760-761 [2d Dept 2011]). In any event, plaintiff's showing of standing was adequate. The record reflects the assignment of the mortgage and the note, actual delivery of the note to plaintiff, and recordation of the assignment (see U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2d Dept 2009]). Concur—Gonzalez, P.J., Mazzarelli, Andrias and DeGrasse, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GARCIA, Appellant. [971 NYS2d 876]—Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered April 10, 2012, as amended April 18, 2012, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the seventh degree, and sentencing him to a term of one year, unanimously affirmed.

The court properly denied defendant's suppression motion. The court had the unique opportunity to see and hear the witnesses (see People v Prochilo, 41 NY2d 759, 761 [1977]), and there is no basis for disturbing its credibility determinations, including its evaluation of inconsistencies in testimony and an officer's inability to recall minor details. Concur—Gonzalez, P.J., Mazzarelli, Andrias and DeGrasse, JJ.