*584 Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 16, 2013, which, insofar as appealed from as limited by the briefs, denied plaintiffs motion for summary judgment on its complaint and dismissing defendants-respondents’ (hereinafter defendants) third, fourth, eleventh, and twelfth affirmative defenses, unanimously reversed, on the law, without costs and the motion granted.
Defendants are judicially estopped from arguing that the merger between nonparties Bank of Smithtown and People’s United Bank was not completed before plaintiff brought this foreclosure action (see e.g. D & L Holdings v Goldman Co., 287 AD2d 65, 71 [1st Dept 2001], lv denied 97 NY2d 611 [2002]). They obtained dismissal of the Bank of Smithtown’s foreclosure action by arguing that the bank had merged into People’s United. They may not now turn around and argue that the Bank of Smithtown did not merge into People’s United. Hence, defendants’ fourth affirmative defense should be dismissed.
Plaintiff properly submitted a reply affidavit that responded to defendants’ argument that People’s United’s June 20, 2011 letter cast doubt on whether People’s United had really assigned defendant 71 Clinton Inc.’s note and mortgage to plaintiff on June 2, 2011 (see Sanford v 27-29 W. 181st St. Assn., 300 AD2d 250 [1st Dept 2002]). Furthermore, plaintiffs reply was an adequate explanation for the June 20 letter. Therefore, as the assignee of the mortgage and of the note when the action was commenced, plaintiff has standing (see e.g. OneWest Bank FSB v Carey, 104 AD3d 444, 445 [1st Dept 2013]).
The motion court denied plaintiff’s motion to dismiss the third and eleventh affirmative defenses (preclusion and right of redemption, respectively) on the ground that plaintiff had failed to address them. However, as can be seen from its opening brief before the motion court, plaintiff addressed those defenses.
Plaintiff established its prima facie right to foreclose by producing the note, mortgage and guaranty, and affidavits establishing 71 Clinton Inc.’s nonpayment (see Red Tulip, LLC v Neiva, 44 AD3d 204, 209 [1st Dept 2007], lv dismissed 10 NY3d 741 [2008]). Although defendant Steven Rosenfeld (the president of 71 Clinton Inc.) claimed he never received a notice of default, that does not preclude summary judgment in plaintiff’s favor because it fails to raise a material issue of fact (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312 [2004]). To estab *585 lish 71 Clinton Inc.’s default, plaintiff was not required to prove that it had sent a notice of default (see Chemical Bank v Broadway 55-56th St. Assoc., 220 AD2d 308 [1st Dept 1995]).
The twelfth affirmative defense based on Judiciary Law § 489 must also be dismissed. That provision of the Judiciary Law codifies the old doctrine of champerty, which is an equitable defense that was developed “to prevent or curtail the commercialization of or trading in litigation” (Bluebird Partners v First Fid. Bank, 94 NY2d 726, 729 [2000]). “What the statute prohibits ... is the purchase of claims with the intent and for the purpose of bringing an action that [the purchaser] may involve parties in costs and annoyance, where such claims would not be prosecuted if not stirred up ... in [an] effort to secure costs” (Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates, Series 1999-C1 v Love Funding Corp., 13 NY3d 190, 201 [2009] [internal quotation marks omitted]).
Defendants do not assert, nor could they, that plaintiff commenced suit for the primary purpose of obtaining costs or to harass them. Defendants assert that plaintiff acquired the assignment for purposes of foreclosure; the law allows such an acquisition. “New York cases agree that if a party acquires a debt instrument for the purpose of enforcing it, that is not champerty simply because the party intends to do so by litigation” (Trust for Certificate Holders at 200). Plaintiff acquired the loan for the purpose of enforcing a legitimate claim, namely to obtain a judgment of foreclosure on a defaulted mortgage in a proceeding that was already under way. Concur — Sweeny, J.E, Andrias, Freedman, Richter and Clark, JJ.