OPINION OF THE COURT
Lucy Billings, J.
I, Background
Plaintiff sues to foreclose on an amended and restated *276 mortgage, security agreement, assignment of leases and rents, and fixture filing (affirmation of Jerold Feuerstein, exhibit A at 25), and a mortgage consolidation, modification and extension agreement (id., exhibit B2 at 3), both executed November 16, 2005, between defendant Genesis Holding LLC and the defunct nonparty Washington Mutual Bank. The mortgage is on real property at 2035 Adam Clayton Powell Jr. Boulevard, New York County, and secures loans from Washington Mutual to Genesis Holding.
Plaintiff has moved for summary judgment on the complaint’s claims against Genesis Holding. (CPLR 3212 [b].) Genesis Holding has cross-moved (1) to amend its answer (CPLR 3025 [b]), and (2) for summary judgment dismissing the complaint against Genesis Holding. (CPLR 3212 [b].) For the following reasons, the court denies plaintiff’s motion and grants Genesis Holding’s cross motion in part as set forth below.
II. Genesis Holding’s Cross Motion to Amend its Answer
CPLR 3025 (b) permits amendments to an answer adding affirmative defenses as long as the proposed affirmative defenses, as alleged, are meritorious. (Mezzacappa Bros., Inc. v City of New York, 29 AD3d 494 [1st Dept 2006]; Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 377 [1st Dept 2001]; Lanpont v Savvas Cab Corp., 244 AD2d 208, 209-210 [1st Dept 1997]; Norwood v City of New York, 203 AD2d 147, 148 [1st Dept 1994]; see Sterling Natl. Bank v American Elite Props. Inc., 91 AD3d 581 [1st Dept 2012].) Genesis Holding bears the burden to demonstrate the merits of the proposed defenses through admissible evidence. (See Anoun v City of New York, 85 AD3d 694, 695 [1st Dept 2011]; Guzman v Mike’s Pipe Yard, 35 AD3d 266 [1st Dept 2006]; Lanpont v Savvas Cab Corp., 244 AD2d at 210.) While Genesis Holding need not establish at this stage that the proposed defenses will succeed, Genesis Holding still must show its viability, by alleging its elements in a proposed verified amended answer or supporting it with other admissible evidence. (Anoun v City of New York, 85 AD3d at 695; CDR Créances S.A.S. v Cohen, 11 AD3d 489, 490 [1st Dept 2010]; Guzman v Mike’s Pipe Yard, 35 AD3d 266 [2006].)
Genesis Holding seeks to add affirmative defenses that plaintiff lacks standing. Although Genesis Holding offers no explanation for the delay in seeking amendment, to defeat the amendments, the delay must have caused plaintiff surprise or *277 other prejudice. (Anoun v City of New York, 85 AD3d 694 [2011]; Antwerpse Diamantbank N.V. v Nissel, 27 AD3d 207, 208 [1st Dept 2006]; Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d at 377; Cseh v New York City Tr. Auth., 240 AD2d 270, 271 [1st Dept 1997].) To show prejudice from the delay, plaintiff must demonstrate that the delay has hindered the preparation of support for plaintiff’s claims. (Anoun v City of New York, 85 AD3d 694 [2011]; Antwerpse Diamantbank N.V. v Nissel, 27 AD3d at 208; Cseh v New York City Tr. Auth., 240 AD2d at 271; Norwood v City of New York, 203 AD2d at 149.)
Genesis Holding’s proposed seventh defense alleges that JPMorgan Chase did not hold the note and mortgage and thus lacked standing when JPMorgan Chase commenced this action. The proposed eighth defense alleges that the note and mortgage were never transferred to the current plaintiff, so that it lacks standing to prosecute this action.
Genesis Holding demonstrates that its delay in moving to add these defenses has not caused plaintiff surprise or other prejudice. Although Genesis Holding did not oppose plaintiff’s motion to be substituted as plaintiff for JPMorgan Chase (CPLR 1018), at least two reasons may explain Genesis Holding’s silence at that earlier stage. First, Genesis Holding has never focused its dispute on the current plaintiff’s possession of the note and mortgage. Second, the documents necessary to support a lack of standing defense were in plaintiff’s control. (Antwerpse Diamantbank N.V. v Nissel, 27 AD3d at 208.) Then plaintiff made a prior motion for summary judgment, before plaintiffs current motion, and affirmatively presented evidence to show its standing. Only at that point, when plaintiff relied on documents that postdate commencement of the action to support standing upon commencement of the action as well as currently, may Genesis Holding have realized that a defense regarding standing might be viable.
More importantly, plaintiff’s first motion for summary judgment indicated that plaintiff anticipated a lack of standing defense, undermining any claim of prejudice due to Genesis Holding subsequently seeking to plead this defense. (See Lettieri v Allen, 59 AD3d 202 [1st Dept 2009].) Once plaintiff revealed the evidence relied on for standing, Genesis Holding raised plaintiff’s lack of standing in opposition to its first summary judgment motion. (See BMX Worldwide v Coppola N.Y.C., 287 AD2d 383, 384 [1st Dept 2001].) Although Genesis Holding has not explained why it did not then move to amend its *278 answer to add this defense, under all the circumstances, Genesis Holding’s delay between then and now does not, without more, amount to a waiver of the defense (see Cadles of Grassy Meadows II, L.L.C. v Lapidus, 93 AD3d 535 [1st Dept 2012]; CDR Créances S.A.S. v Cohen, 77 AD3d at 490; Centaur Props., LLC v Farahdian, 29 AD3d 468 [1st Dept 2006]); plaintiff does not identify any prejudice from this interval of delay, and the court discerns none. (Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d at 378.)
The sole claim of prejudice to plaintiff is raised merely by its attorney, who suggests that a formal pleading of lack of standing might have dissuaded plaintiff from purchasing the note and mortgage. (E.g. Murray v City of New York, 74 AD3d 550 [1st Dept 2010]; Coleman v Maclas, 61 AD3d 569 [1st Dept 2009]; Matter of 2084-2086 BPE Assoc. v State of N.Y. Div. of Hous. & Community Renewal, 15 AD3d 288, 289 [1st Dept 2005]; Figueroa v Luna, 281 AD2d 204, 205 [1st Dept 2001].) Even had an officer of plaintiff actually attested that it relied on the absence of that formal pleading in making the purchase, the possibility that a defendant that had answered would seek to add a lack of standing defense, as has occurred, or other defendants would answer and raise it, undermines any justification for such reliance. Therefore there would be no justifiable prejudice on this basis. (Anoun v City of New York, 85 AD3d 694 [2011]; Lettieri v Allen, 59 AD3d 202 [2009]; Antwerpse Diamantbank N.V. v Nissel, 27 AD3d at 208; Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d at 378.)
Absent prejudice on any basis, delay alone is insufficient to deny amendment to a pleading. Since plaintiff’s current motion again affirmatively and vigorously litigates its standing, and, as discussed below, Genesis Holding’s lack of standing defenses have merit, the court grants Genesis Holding’s cross motion to amend its answer to the extent of permitting inclusion of those defenses. (CPLR 3025 [b]; Anoun v City of New York, 85 AD3d at 695; Mezzacappa Bros., Inc. v City of New York, 29 AD3d 494 [2006]; Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d at 378; Lanpont v Savvas Cab Corp., 244 AD2d at 210.)
III. Standards for Summary Judgment
To obtain summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence eliminating all material is *279 sues of fact. (CPLR 3212 [b]; Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]; Smalls v AJI Indus., Inc., 10 NY3d 733, 735 [2008]; JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384 [2005]; Giuffrida v Citibank Corp., 100 NY2d 72, 81 [2003].) Only if the moving party satisfies this standard does the burden shift to the opponent to rebut that prima facie showing, by producing evidence, in admissible form, sufficient to require a trial of material factual issues. (Morales v D & A Food Serv., 10 NY3d 911, 913 [2008]; Hyman v Queens County Bancorp, Inc., 3 NY3d 743, 744 [2004].) If the moving party fails to meet its initial burden, the court must deny summary judgment despite any insufficiency in the opposition. (Vega v Restani Constr. Corp., 18 NY3d at 503; JMD Holding Corp. v Congress Fin. Corp., 4 NY3d at 384; Scafe v Schindler El. Corp., 111 AD3d 556, 557 [1st Dept 2013]; Williams v New York City Hous. Auth., 99 AD3d 613 [1st Dept 2012].) In evaluating the evidence for purposes of the parties’ summary judgment motions, the court construes the evidence in the light most favorable to the motion’s opponent. (Vega v Restani Constr. Corp., 18 NY3d at 503; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 37 [2004].)
IV. Plaintiffs Motion for Summary Judgment
The parties do not dispute that Genesis Holding executed a promissory note for $2,137,500 to Washington Mutual Bank November 16, 2005, secured by a mortgage on real property in New York County. The Federal Deposit Insurance Corporation (FDIC) became the receiver for Washington Mutual when it ceased operating September 25, 2008. Plaintiff claims that, as the assignee of the note and mortgage, it is entitled to enforce them and moves for summary judgment on those claims.
A, Plaintiffs Burden as an Assignee
To prevail on its mortgage foreclosure claim as an assignee, plaintiff is required to establish its standing by demonstrating that plaintiff held the mortgage and underlying promissory note when plaintiff commenced the foreclosure action. (71 Clinton St. Apts. LLC v 71 Clinton Inc., 114 AD3d 583, 584 [1st Dept 2014]; OneWest Bank FSB v Carey, 104 AD3d 444, 445 [1st Dept 2013]; Bank of N.Y. Mellon Trust Co. NA v Sachar, 95 AD3d 695, 696 [1st Dept 2012].) Assignment of a note and mortgage may be by an executed writing or by their physical delivery. (U.S. Bank N.A. v Dellarmo, 94 AD3d 746, 748 [2d Dept 2012]; Citimortgage, Inc. v Stosel, 89 AD3d 887, 888 [2d *280 Dept 2011]; Bank of N.Y. v Silverberg, 86 AD3d 274, 280-281 [2d Dept 2011]; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 108 [2d Dept 2011]; see Meyerson Capital V. LLC v Anderson, 110 AD3d 468 [1st Dept 2013]; OneWest Bank FSB v Carey, 104 AD3d at 445; Bank of N.Y. Mellon Trust Co. NA v Sachar, 95 AD3d at 696.) A substituted plaintiff also must establish its standing by demonstrating that the note and mortgage were validly assigned to this new plaintiff, so that it is now the interested party. (MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d 745, 747 [2d Dept 2014].) When Genesis Holding or another defendant has raised an issue regarding plaintiff’s standing, plaintiff must demonstrate its standing. (Id. at 746; U.S. Bank N.A. v Dellarmo, 94 AD3d at 748; Citimortgage, Inc. v Stosel, 89 AD3d at 888; CitiMortgage, Inc. v Rosenthal, 88 AD3d 759, 761 [2d Dept 2011].)
Defendants waive lack of standing as a defense by failing to raise it in an answer or a pre-answer motion to dismiss the complaint. (Wells Fargo Bank, NA v Edwards, 95 AD3d 692 [1st Dept 2012]; Security Pac. Natl. Bank v Evans, 31 AD3d 278, 280 [1st Dept 2006]; CitiMortgage, Inc. v Rosenthal, 88 AD3d at 761.) Thus, until Genesis Holding served its amended answer interposing plaintiff’s lack of standing as a defense, Genesis Holding had not raised the defense so as to require that plaintiff affirmatively demonstrate its standing. Particularly since Genesis Holding raised the defense in opposition to plaintiff’s first motion for summary judgment and plaintiff in that motion and this one in fact affirmatively addressed the issue, however, the court now has permitted Genesis Holding to include that defense. Therefore, even if plaintiff might have established its prima facie claim without demonstrating its standing, plaintiff now must demonstrate its standing in response to Genesis Holding’s cross motion.
B. The FDIC’s Assignment to JPMorgan Chase
The affidavit of Robert Schoppe, FDIC’s receiver for Washington Mutual, dated October 2, 2008, attests that JPMorgan Chase acquired assets of Washington Mutual pursuant to a Purchase and Assumption Agreement (PAA), dated September 25, 2008, well before JPMorgan Chase commenced this action May 20, 2011. (Feuerstein affirmation, exhibit E at 2, ¶ 4.) PAA § 6.1 provides that the FDIC “assigns, transfers, conveys and delivers to the Assuming Bank” the records of Washington Mutual’s assets. (Id., exhibit E, PAA at 19.) Although plaintiff presents the PAA, and Schoppe refers to it to the extent set *281 forth above, neither he nor any other witness demonstrates any personal knowledge of the signatures that executed the PAA or otherwise authenticates it to render it admissible for purposes of summary judgment. (IRB-Brasil Resseguros S.A. v Portobello Intl. Ltd., 84 AD3d 637, 638 [1st Dept 2011]; Rivera v GT Acquisition 1 Corp., 72 AD3d 525, 526 [1st Dept 2010]; Babikian v Nikki Midtown, LLC, 60 AD3d 470, 471 [1st Dept 2009]; Bermudez v Ruiz, 185 AD2d 212, 214 [1st Dept 1992]; see Singer Asset Fin. Co., LLC v Melvin, 33 AD3d 355, 357-358 [1st Dept 2006]; Acevedo v Audubon Mgt., 280 AD2d 91, 95 [1st Dept 2001]; People v Bryant, 12 AD3d 1077, 1079 [4th Dept 2004]; Fields v S & W Realty Assoc., 301 AD2d 625 [2d Dept 2003].) A certification precedes it, but refers to “the foregoing copy,” which is Schoppe’s affidavit. (Feuerstein affirmation, exhibit E at 4.)
The affidavit of Lowell Bacchus, special credits asset manager II for JPMorgan Chase Bank, dated April 18, 2013, simply attests that the “promissory note was endorsed via allonge” to JPMorgan Chase. (Id., exhibit C at 2, ¶ 3.) Likewise, although plaintiff also presents the allonge (id., exhibit Cl at 9), it is not authenticated as a public record, and neither Bacchus nor any other witness authenticates its execution. (E.g. CPLR 4520, 4540 [a], [b]; People v Smith, 258 AD2d 245, 249-250 [4th Dept 1999]; see People v Casey, 95 NY2d 354, 362 [2000]; Cadies of Grassy Meadows II, L.L.C. v Lapidus, 93 AD3d 535 [2012]; People v Brown, 221 AD2d 270, 271 [1st Dept 1995]; F.W. Woolworth Co. v Southbridge Towers, 204 AD2d 174, 175 [1st Dept 1994].) The conclusory recitations by Schoppe and Bacchus that JPMorgan Chase acquired assets of Washington Mutual pursuant to the PAA and that the note to Washington Mutual was endorsed via an allonge to JPMorgan Chase fail to establish its acquisition and hence its standing without admissible evidence of the documents from which the witnesses claim to be drawing their conclusions. (PAF-PAR LLC v Silberberg, 118 AD3d 446 [1st Dept 2014]; see Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 109; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2d Dept 2009].) Significantly, however, if the allonge’s contents are to be considered, the allonge provides that it was executed October 3, 2012, well after JPMorgan Chase commenced this action May 20, 2011, yet was effective September 25, 2008. (Feuerstein affirmation, exhibit Cl at 9.)
Bacchus further attests that “[t]he Mortgage was assigned to JPMC pursuant to an Assignment of Security Interest and *282 Loan Documents (the ‘Mortgage Assignment’) by the Federal Deposit Insurance Corporation . . . (Id,., exhibit C at 2, ¶ 5.) AJthough he refers to this document as a “Mortgage Assignment” and claims the allonge assigned the note, the Mortgage Assignment also assigns all “documents that evidence or secure the obligations under the Note.” (Id., exhibit C4 at 4 [emphasis added].) This assignment is signed and notarized, establishing a presumption of the notarized signature’s due execution and genuineness (CPLR 4538; Genger v Arie Genger 1995 Life Ins. Trust, 84 AD3d 471 [1st Dept 2011]; Artigas v Renewal Arts Realty Corp., 22 AD3d 327, 328 [1st Dept 2005]; Seaboard Sur. Co. v Earthline Corp., 262 AD2d 253 [1st Dept 1999]; ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801, 803 [2d Dept 2012]), which is undisputed. (See Genger v Arie Genger 1995 Life Ins. Trust, 84 AD3d at 472; Bryant v Bryant, 58 AD3d 496 [1st Dept 2009]; Neuman v Neumann, 109 AdD3d 886, 888 [2d Dept 2013]; John Deere Ins. Co. v GBE/Alasia Corp., 57 AD3d 620, 622 [2d Dept 2008].) Like the inadmissible allonge, the admissible assignment document provides that it was executed October 3, 2012, yet was effective September 25, 2008.
C. Retroactivity of the Assignment to JPMorgan Chase
When the parties executing the assignment of the mortgage and note from the FDIC to JPMorgan Chase October 3, 2012 made the assignment retroactive to September 25, 2008, more than four years before it was executed, that retroactivity was ineffective to assign the mortgage and note to JPMorgan Chase until the assignment, by its terms, was executed October 3, 2012. (Countrywide Home Loans, Inc. v Gress, 68 AD3d 709, 710 [2d Dept 2009]; LaSalle Bank Natl. Assn. v Ahearn, 59 AD3d 911, 912 [3d Dept 2009].) Absent evidence that the mortgage and note were physically delivered to JPMorgan Chase September 25, 2008, or any time before commencement of this action, the assignment that was not executed until October 3, 2012 may not be given retroactive effect before then. (U.S. Bank N.A. v Dellarmo, 94 AD3d at 749; LaSalle Bank Natl. Assn. v Ahearn, 59 AD3d at 912.) Otherwise the execution date controls when the assignment takes effect. (Wells Fargo Bank, N.A. v Marchione, 69 AD3d 204, 210 [2d Dept 2009]; LaSalle Bank Natl. Assn. v Ahern, 59 AD3d at 912.) Since JPMorgan Chase commenced this action May 20, 2011, before execution of the assignment October 3, 2012, the retroactive assignment may not be used to confer standing on the assignee JPMorgan Chase in an action commenced before *283 the assignment’s execution. (Wells Fargo Bank, N.A. v Marchione, 69 AD3d at 207, 210; Countrywide Home Loans, Inc. v Gress, 68 AD3d at 710; LaSalle Bank Natl. Assn. v Ahearn, 59 AD3d at 912-913.)
D. The Evidence Establishing the Chain of Assignments to the Current Plaintiff
Regarding the subsequent assignments, Josh Zegen, plaintiff’s managing member, in an affidavit dated May 8, 2013, in turn attests that on August 19, 2011, JPMorgan Chase assigned the mortgage to NY Brooklyn Investor II, LLC, of which plaintiff is the managing member, and on September 12, 2011, NY Brooklyn Investor assigned the mortgage to plaintiff. These assignments also are signed, notarized, and undisputed. (Feuerstein affirmation, exhibits B4 at 3; B5 at 3.) Unlike the assignment from the FDIC to JPMorgan Chase, however, the subsequent assignment documents do not assign the promissory note with the mortgage.
The mortgage assignments, by themselves, fail to support any transfers from JPMorgan Chase on to plaintiff. A mortgage is merely security for a debt, here evidenced by the promissory note; independently of the debt, the mortgage is a nullity. (U.S. Bank N.A. v Dellarmo, 94 AD3d at 748; Bank of N.Y. v Silverberg, 86 AD3d at 280; U.S. Bank, N.A. v Collymore, 68 AD3d at 754.) Therefore “a transfer or assignment of only the mortgage without the debt is a nullity and no interest is acquired by it.” (U.S. Bank N.A. v Dellarmo, 94 AD3d at 748; see MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d at 746; Citimortgage, Inc. v Stosel, 89 AD3d at 888; Bank of N.Y. v Silverberg, 86 AD3d at 280; U.S. Bank, N.A. v Collymore, 68 AD3d at 754.) If plaintiff is the assignee of only the mortgage, without the underlying note, plaintiff lacks standing now to maintain this action. (Citimortgage, Inc. v Stosel, 89 AD3d at 888; Bank of N.Y. v Silverberg, 86 AD3d at 280; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 109; see MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d at 746; U.S. Bank, N.A. v Collymore, 68 AD3d at 754.)
The affidavit by Jake Bade, special credits senior asset manager and head of commercial term lending note sales for JPMorgan Chase, also dated April 18, 2013, attempts to rectify this deficiency, at least in the assignment from JPMorgan Chase to NY Brooklyn Investor. By simply attesting that JPMorgan Chase “assigned to NY Brooklyn Investor II, LLC” both a note and a mortgage dated November 16, 2005, describing the contents of *284 the assignment on August 19, 2011, differently from Zegen, Bade nonetheless accomplishes nothing more than the affidavits by Schoppe and Bacchus regarding the earlier links in the chain of assignments. (Feuerstein affirmation, exhibit D at 3, ¶ 3; see e.g. Miller-Francis v Smith-Jackson, 113 AD3d z` Dept 2013].) While Bade is an employee of JPMorgan Chase who may be familiar with JPMorgan Chase’s transaction with NY Brooklyn Investor, the authenticated assignment’s contents, which “assigns unto the Assignee . . . certain mortgages,” speak for themselves. (Feuerstein affirmation, exhibit B4 at 3.)
Zegen does present two allonges regarding the promissory note, from JPMorgan Chase to NY Brooklyn Investor, and from NY Brooklyn Investor to plaintiff. The latter allonge, dated September 12, 2011, bears the signature of Brian Schatz, as plaintiff’s managing member then, signing for plaintiff as the assignor NY Brooklyn Investor’s managing member. {Id,., exhibit B1 at 13.) Therefore, even though Zegen was plaintiff’s managing member more recently, he makes no showing how he would be personally familiar with the assignment to plaintiff in September 2011, let alone with NY Brooklyn Investor’s earlier acquisition from JPMorgan Chase. (Rodriguez v Board of Educ. of the City of N.Y., 107 AD3d 651, 652 [1st Dept 2013]; Gogos v Modell’s Sporting Goods, Inc., 87 AD3d 248, 254 [1st Dept 2011]; Babikian v Nikki Midtown, LLC, 60 AD3d at 471; Dorsey v Les Sans Culottes, 43 AD3d 261 [1st Dept 2007].) Even were the court to assume that, as a successor managing member of plaintiff, Zegen might be familiar with Schatz’s signature, despite Zegen never so indicating, no such assumption is possible regarding the JPMorgan Chase officer’s signature on the earlier allonge to NY Brooklyn Investor. (Feuerstein affirmation, exhibit B1 at 12.)
Even assuming further that Bade, who refers only to the August 2011 assignment of the mortgage, means to refer also to the allonge, he, too, fails to demonstrate how he, in 2013, would be personally familiar with the signature of a particular JPMorgan Chase officer in 2011. Without the allonges’ certification or other authentication of their execution, Bade’s affidavit, like the affidavits by Schoppe and Bacchus, at best does no more than recite the August 2011 allonge’s contents, which, without the authentication to render the document admissible, is of course hearsay. (People v Joseph, 86 NY2d 565, 570 [1995]; Miller-Francis v Smith-Jackson, 113 AD3d at 34-35; Advanced *285 Global Tech., LLC v Sirius Satellite Radio, Inc., 44 AD3d 317, 318 [1st Dept 2007]; see US Bank N.A. v Lieberman, 98 AD3d 422, 423 [1st Dept 2012]; Mastroddi v WDG Dutchess Assoc. Ltd. Partnership, 52 AD3d 341, 342 [1st Dept 2008]; Chubb Natl. Ins. Co. v Platinum Customcraft Corp., 38 AD3d 244, 245 [1st Dept 2007]; Washington v Montefiore Med. Ctr., 9 AD3d 271, 272 [1st Dept 2004].)
E. The Applicable Federal Statutes’ Effect
Despite these lapses in admissible evidence supporting the promissory note’s assignment from JPMorgan Chase to NY Brooklyn Investor and on to plaintiff (see MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d at 747), Genesis Holding focuses its dispute on the critical earlier link in the chain of possession: the FDIC’s assignment of the note and mortgage to JPMorgan Chase. Plaintiff, on the other hand, contends that this assignment does not require evidentiary support, since the assignment was effected by operation of law.
When the FDIC became the receiver for Washington Mutual, the FDIC unquestionably possessed all Washington Mutual’s assets. (12 USC § 1821 [d] [2] [A] [i]; Ungar v Ensign Bank, 196 AD2d 204, 206 [1st Dept 1994]; Federal Deposit Ins. Corp. v Kaye, 224 AD2d 578 [2d Dept 1996].) 12 USC § 1821 (d) (2) (G) (i) (II) then authorizes the FDIC to transfer assets and liabilities of an institution in default without approval, but subject to clause (ii), which provides that “[n]o transfer described in clause (i) (II) may be made to another depository institution (other than a new depository institution or a bridge depository institution established pursuant to subsection [m] or [n] of this section) without the approval of the appropriate Federal banking agency for such institution.” (12 USC § 1821 [d] [2] [G] [ii].) Accepting the premise that the assignment to JPMorgan Chase was effected pursuant to 12 USC § 1821 (d) (2) (G), plaintiff nonetheless fails to present any evidence either that a federal banking agency approved the transfer, as requiredby that statute, or that the requirement was inapplicable to JPMorgan Chase.
Nor does plaintiff support its proposition that the federal statutory requirements supplant the state law’s requirements for transferring a promissory note and mortgage securing the note. Insofar as plaintiff relies on Monroig v Washington Mut. Bank, FA (19 AD3d 563 [2d Dept 2005]) for 12 USC § 1821 (d) (2)’s preemption of state requirements, the decision does not address 12 USC § 1821 (d) (2). Even as to the preemption of *286 state law by 12 USC §§ 1463 (a) and 1464 (a) that Monroig v Washington Mut. Bank, FA (19 AD3d at 564) does address, the federal statutes and their implementing regulations do not preempt state laws that “only incidentally affect the lending operations of Federal savings associations,” particularly laws governing “(1) Contract and commercial law; [and] (2) Real property law.” (12 CFR 560.2 [c]; see People v First Am. Corp., 18 NY3d 173, 183 [2011]; Hendrickson v Adventurous Realty II Corp., 79 AD3d 420 [1st Dept 2010]; Monroig v Washington Mut. Bank, FA, 19 AD3d at 564.) Plaintiff has not shown that requiring assignment of a mortgage and underlying promissory note to an assuming bank (see e.g. Feuerstein affirmation, exhibit E, PAA at 19), here JPMorgan Chase, by a written assignment or by physical delivery, pursuant to New York law, would more than “incidentally affect the lending operations of Federal savings associations.” (12 CFR 560.2 [c]; see People v First Am. Corp., 18 NY3d at 183.) As long as the federal and those state requirements are consistent, the transfer also must meet the state requirements. (People v First Am. Corp., 18 NY3d at 183-184.)
F. Disposition of Plaintiffs Motion for Summary Judgment
In sum, although an assignee of a note and mortgage maintains standing to commence a foreclosure action (71 Clinton St. Apts. LLC v 71 Clinton Inc., 114 AD3d at 584; One-West Bank FSB v Carey, 104 AD3d at 445; Bank of N.Y. Mellon Trust Co. NA v Sachar, 95 AD3d 695 [2012]), the inadmissible contents of plaintiffs affidavits and the inadmissible PAA and allonge do not establish when JPMorgan Chase was assigned the note and mortgage by an executed written assignment. (See JP Morgan Chase Bank, N.A. v Shapiro, 104 AD3d 411, 412 [1st Dept 2013]; Citimortgage, Inc. v Stosel, 89 AD3d at 888; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 108.) The admissible assignment, as well as the allonge were it admissible, establish only that JPMorgan Chase was assigned the note and mortgage by a written assignment October 3, 2012. Nor do plaintiffs affidavits specify when JPMorgan Chase obtained physical possession of the note and mortgage. (U.S. Bank N.A. v Dellarmo, 94 AD3d at 749; Citimortgage, Inc. v Stosel, 89 AD3d at 888; Bank of N.Y. v Silverberg, 86 AD3d at 282; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 109; see Meyerson Capital V. LLC v Anderson, 110 AD3d 468 [2013]; OneWest Bank FSB v Carey, 104 AD3d at 445; Bank of *287 N.Y. Mellon Trust Co. NA v Sachar, 95 AD3d at 696.) Therefore plaintiff’s evidence fails to establish that they had been assigned to JPMorgan Chase when it commenced the action, as required to support its standing. (MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d at 747; U.S. Bank N.A. v Dellarmo, 94 AD3d at 749; Citimortgage, Inc. v Stosel, 89 AD3d at 888; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 109; see 71 Clinton St. Apts. LLC v 71 Clinton Inc., 114 AD3d at 584; OneWest Bank FSB v Carey, 104 AD3d at 445; Bank of N.Y. Mellon Trust Co. NA v Sachar, 95 AD3d at 696.)
If the note and mortgage were not assigned to JPMorgan Chase until the written assignment was executed October 3, 2012, well after JPMorgan Chase commenced the action May 20, 2011, JPMorgan Chase did not own them when the current plaintiff claims JPMorgan Chase assigned them to plaintiff’s assignor August 19, 2011, either. Nor does plaintiff independently establish that the note was assigned by an executed written assignment or physical delivery to plaintiff’s assignor and from that assignor to plaintiff, to demonstrate that it now holds an ownership interest in the note and mortgage, as required to support its current standing. (MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d at 747.)
Finally, even if compliance with the federal statutory requirements were sufficient to effect a transfer of the note and mortgage from the FDIC to JPMorgan Chase before May 20, 2011, plaintiff fails to present evidence establishing that compliance: in particular, the federal banking agency’s approval required by 12 USC § 1821 (d) (2) (G) (ii) or that requirement’s inapplicability. Consequently, the court denies plaintiff’s motion seeking summary judgment on the complaint’s claims. (CPLR 3212 [b].)
V. Genesis Holding’s Cross Motion for Summary Judgment
Genesis Holding cross-moves for summary judgment dismissing the complaint based on plaintiff’s lack of standing to maintain this action, since the original plaintiff JPMorgan Chase lacked standing when JPMorgan Chase commenced the action.
A. Retroactivity of the Assignment to JPMorgan Chase
While plaintiff failed to present the allonge executed October *288 3, 2012, transferring the note to JPMorgan Chase in admissible form through any of plaintiff’s affidavits, and its affidavits contain hearsay regarding that transfer, once presented by plaintiff to support its motion, Genesis Holding may rely on that evidence, including that allonge, in opposition. (Mitchell v Calle, 90 AD3d 584, 585 [1st Dept 2011]; Ayala v Douglas, 57 AD3d 266, 267 [1st Dept 2008]; Navedo v Jaime, 32 AD3d 788, 789-790 [1st Dept 2006]; Thompson v Abbasi, 15 AD3d 95, 97 [1st Dept 2005]; see Joseph v Board of Educ. of the City of N.Y., 91 AD3d 528, 529 [1st Dept 2012]; Dembele v Cambisaca, 59 AD3d 352 [1st Dept 2009]; Hernandez v Almanzar, 32 AD3d 360, 361 [1st Dept 2006].) The allonge’s retroactivity, just like the retroactivity of the assignment transferring the note with the mortgage to JPMorgan Chase, was ineffective to assign the note to JPMorgan Chase until the allonge, by its terms, was executed October 3, 2012. (Countrywide Home Loans, Inc. v Gress, 68 AD3d at 710; LaSalle Bank Natl. Assn. v Ahearn, 59 AD3d at 912.)
Nevertheless, just as plaintiff has not presented evidence that the note or mortgage was physically delivered to JPMorgan Chase September 25, 2008, or any time before commencement of this action, neither does Genesis Holding present any evidence that the note or mortgage was not physically delivered to plaintiff before it commenced the action. Therefore, even if neither the allonge nor the assignment, each executed October 3, 2012, may be given retroactive effect before then (U.S. Bank N.A. v Dellarmo, 94 AD3d at 749; Wells Fargo Bank, N.A. v Marchione, 69 AD3d at 210; LaSalle Bank Natl. Assn. v Ahearn, 59 AD3d at 912), a factual issue remains whether the note and mortgage were physically delivered to plaintiff before May 20, 2011. (MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d at 747; U.S. Bank N.A. v Dellarmo, 94 AD3d at 749; Bank of N.Y. v Silverberg, 86 AD3d at 282; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 109.) If so, plaintiff’s physical possession of the note and mortgage would confer standing on plaintiff, even though it commenced the action before the written assignment’s execution. (OneWest Bank FSB v Carey, 104 AD3d at 445; Bank of N.Y. Mellon Trust Co. NA v Sachar, 95 AD3d at 696; see Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 109; Wells Fargo Bank, N.A. v Marchione, 69 AD3d at 207, 210; Countrywide Home Loans, Inc. v Gress, 68 AD3d at 710; LaSalle Bank Natl. Assn. v Ahearn, 59 AD3d at 912-913.)
*289 B. Compliance with the PAA
Again, even though plaintiff failed to present the PAA in admissible form through Schoppe’s affidavit, and his affidavit regarding the PAA’s contents is hearsay, once presented by plaintiff to support its motion, Genesis Holding may rely on the PAA in opposition. PAA § 9.2, requires the FDIC and JPMorgan Chase “to execute and deliver such additional instruments and documents of conveyance ... as shall be necessary to vest title to the Assets in the Assuming Bank.” (Feuerstein affirmation, exhibit E, PAA at 21.) Although these instruments or documents are required only upon the request by a party to the PAA, no evidence in the record indicates whether a party requested or did not request them or, if a party did so, the party receiving the request executed and delivered the instrument or document. Since no evidence addresses whether any party to the PAA requested instruments or documents of conveyance, or a requested instrument or document was executed and delivered, factual issues regarding satisfaction of this contractual condition preclude summary judgment on this ground to Genesis Holding. (Sharon v American Health Providers, 105 AD3d 508, 509 [1st Dept 2013]; Danciger v Baal Milchamot Realty Corp., 272 AD2d 208, 209 [1st Dept 2000]; see BMX Worldwide v Coppola N.Y.C., 287 AD2d at 384.)
C. Disposition of Genesis Holding’s Cross Motion
As discussed above, Genesis Holding’s failure to present any evidence that (1) the note or mortgage was not physically delivered to plaintiff before it commenced the action, or that (2) a party to that conveyance requested instruments or documents of conveyance, requires denial of summary judgment to Genesis Holding. Material factual issues, (1) when Genesis Holding’s note and mortgage were physically delivered to JPMorgan Chase and (2) whether it or the FDIC requested, and the other party executed and delivered, an instrument or document of such a conveyance, remain unresolved.
As also discussed above, Genesis Holding has not shown that a transfer by the FDIC to JPMorgan Chase lacked the necessary approval by a federal banking agency. (12 USC § 1821 [d] [2] [G] [ii].) For each of these reasons, the court denies Genesis Holding’s cross motion for summary judgment. (CPLR 3212 [b].)
VI. Conclusion
To recapitulate, the court denies plaintiff’s motion (CPLR 3212 [b]), and grants defendant Genesis Holding LLC’s cross *290 motion to the extent of allowing amendment of its answer to add plaintiffs lack of standing as an affirmative defense (CPLR 3025 [b]), but otherwise denies Genesis Holding’s cross motion. (CPLR 3212 [b].)
[Portions of opinion omitted for purposes of publication.]