## Aareal Capital Corp. v 462BDWY Land, L.P.

2025 NY Slip Op 30952(U)

March 24, 2025

Supreme Court, New York County

Docket Number: Index No. 850639/2023

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

----------------------------------------------------------------------X

AAREAL CAPITAL CORPORATION et al.,

Plaintiffs,

- v -

462BDWY LAND, L.P. A/K/A 462 BDWY LAND, L.P. et al.,

Defendants.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 850639/2023 |
| MOTION DATE | 11/14/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108
were read on this motion to/for          AMEND CAPTION/PLEADINGS          .

In this foreclosure action, plaintiffs Aareal Capital Corporation (ACC), Areal Bank AG (Aareal Bank), and PacificCal Debt III, LLC (PacificCal) (collectively, the original plaintiffs) move for an order pursuant to CPLR 1018 and 1021 granting the substitution of (i) PCAL Debt IV Broadway, LLC (PCAL Debt IV), as plaintiff in place and stead of ACC and Aareal Bank, and (ii) PCAL Debt III Broadway, LLC (PCAL Debt III, and together with PCAL Debt IV, the substitute plaintiffs) as plaintiff in place and stead of PacificCal. Plaintiffs also move pursuant to CPLR 3025 amending the caption of this action (NYSCEF # 84). Defendants 462BDWY Land, L.P. a/k/a 462 BDWY Land, L.P. 464 Broadway Associates, Stephen J. Meringoff, Jay H. Shidler, and Meringoff Properties, Inc. (the Loan Defendants) do not oppose the motion but cross-move for an order directing compliance with party discovery in connection with any substitution of plaintiffs (NYSCEF # 104). Plaintiffs oppose the Loan Defendants' cross-motion. For the following reasons, plaintiffs' motion is granted, and the Loan Defendants' cross motion is denied.

## Background

The court assumes familiarity with the facts of the case. On November 22, 2023, the original plaintiffs commenced this action to foreclose on the two outstanding mortgages under Section 1301 of the RPAPL (NYSCEF # 2 – Complaint or compl ¶ 1). The original plaintiffs allege that Borrowers defaulted on the loans consolidated by Consolidated Loan Agreement, secured by Mortgage, by failing to obtain and deliver a supplemental "Interest Rate Protection Agreement," and by failing to pay the interest due (*id.* ¶¶ 23-24, 31, 62, 63-66; NYSCEF # 10 – the Consolidated Loan Mortgage). On September 21, 2023, ACC, as agent for the

[* 1]

Lenders, accelerated the loans and declared the indebtedness evidenced by the Notes (compl ¶ 67).

On March 14, 2024, PacificCal Debt IV, LLC entered into a Loan Sale Agreement with ACC and Aareal Bank (NYSCEF # 87 – Towle aff ¶ 2; NYSCEF # 88 – Loan Sale Agreement). PacificCal Debt IV, LLC subsequently entered into an Assignment and Assumption of Loan Sale Agreement, effective as of March 27, 2024, by and between PacificCal Debt IV, LLC and PCAL Debt IV (Towle aff ¶ 3; NYSCEF # 89 – Assignment and Assumption of Loan Sale Agreement). On March 28, 2024, ACC and PCAL Debt IV entered into an Assignment and Acceptance Agreement, as did Aareal Bank and PCAL Debt IV (Towle aff ¶ 4; NYSCEF # 90-91 – Assignment and Acceptance Agreements). ACC and Aareal Bank then delivered to PCAL Debt IV, and PacificCal Debt IV delivered to PCAL Debt III all the Substitute Notes and Mortgage Assignments related to the loan agreements with the Loan Defendants (Towle aff ¶ 5-7).

On March 29, 2024, plaintiffs filed an Assignment and Assumption of Cause of Action, which sets forth that ACC and Aareal Bank assigned unto PCAL Debt IV all the right, title, and interest in this mortgage foreclosure action (NYSCEF # 107 – Cross Opp at 2; NYSCEF # 73 – Assignment of Cause of Action). On May 29, 2024, plaintiffs filed another Assignment and Assumption of Cause of Action, which sets forth that PacificCal assigned unto PCAL Debt III all the right, title, and interest in this mortgage foreclosure action (NYSCEF # 107 – Cross Opp at 2; NYSCEF # 76 – Assignment of Cause of Action).

Following the assignments of the loan documents, mortgages, and causes of action from original plaintiffs to the substitute plaintiffs, plaintiffs now collectively move to substitute the original plaintiffs in this action as assignees and amend the caption (NYSCEF # 103 – plaintiffs' MOL).

## Discussion

## Motion to substitute plaintiffs

In support of their motion, the original plaintiffs and the substitute plaintiffs (together, plaintiffs) assert that, in accordance with CPLR 1018 and 1021, a motion to substitute plaintiffs should be granted in a foreclosure action where the notes and mortgages have been assigned to a third-party after the action has commenced (NYSCEF # 103 – plaintiffs' MOL at 5). They claim that since the substitute plaintiffs have established that the loans, notes, and mortgages at issue that were previously held by the original plaintiffs were assigned to them after the action was commenced, the court should substitute them into this action and amend the caption accordingly (*id.* at 6). Loan Defendants do not have any opposition to the substitution and amendment of the caption (NYSCEF # 106 – Mac Avoy aff ¶ 18).

CPLR 1018 provides that upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action (CPLR 1018). A motion for substitution may be made by the successors or representatives of a party or by any party (CPLR 1021). Assignment of a note and mortgage may be by an executed writing or by their physical delivery (*Meyerson Cap. V. LLC v Anderson*, 110 AD3d 468 [1st Dept 2013]; *see also Flushing Sav. Bank v Chester Latham*, 139 AD3d 663, 663 [2d Dept 2016] [reversing denial if assignees' motion for substitution of plaintiffs in a foreclosure action where the original lender assigned its interest in the note, mortgage, and the action to the first assignee after the action had been commenced, and the assignee assigned a security interest in the note and mortgage to the second assignee under CPLR 1018, and the borrower did not oppose the substitution request]). The substituted plaintiff must establish its standing by demonstrating that the note and mortgage were validly assigned to this new plaintiff (*FTBK Inv. II LLC v Genesis Holding LLC*, 48 Misc 3d 274, 280 [Sup Ct, New York County 2014]).

Here, the movants have demonstrated that the original plaintiffs validly assigned and delivered to the substitute plaintiffs, PCAL Debt IV Broadway LLC and PCAL Debt III Broadway LLC, the notes and mortgages upon which this foreclosure action was commenced. As such, there is no prejudice to the Loan Defendants (*Rocha Toussier y Asociados, S.C. v Rivero*, 184 AD2d 398, 398–399 [1st Dept 1992]). As the Loan Defendants do not raise any substantial objection to the substitution, the motion to substitute plaintiffs and amend caption is granted.

### Defendants' Cross-Motion to Direct Compliance with the Discovery Demands

Defendants' cross motion is for an order directing the original plaintiffs to fulfill their discovery obligations *as parties*, pursuant to the deadlines agreed to in the court-ordered preliminary conference order (NYSCEF # 106 – Mac Avoy aff ¶ 17). They argue that the counsel for original plaintiffs ACC and Aareal Bank despite accepting service of the discovery demands, nonetheless stated that neither original plaintiff has any interest in the litigation (*id.* ¶ 13).

Plaintiffs counter that the cross-motion should be denied as procedurally improper, referring to Rule 14 of the Commercial Division Rules that provides for discovery disputes to be resolved through court conference as opposed to motion practice (NYSCEF # 107 – Cross Opp at 3). Plaintiffs claim that the Loan Defendants did not take these measures before filing their cross-motion and consequently have run afoul of Rule 14 (*id.*). Plaintiffs argue that the cross-motion was unnecessary because original plaintiffs never refused to comply with the discovery requests in accordance with the deadlines requested by the Loan Defendants (*id.*).

At the outset, based on plaintiffs' response in opposition to defendants' cross-motion, it appears that the apparent dispute that served as the basis for defendants' cross-motion has been resolved. But even if it were not resolved, defendants have not yet attempted to follow the Rule 14 process to resolve any conflict prior to submit their cross-motion (*see* 22 NYCRR § 202.70, Rule 14 ["If counsel are unable to resolve any disclosure dispute in this fashion, counsel for the moving party shall submit a letter to the court not exceeding three single-spaced pages outlining the nature of the dispute and requesting a telephone conference"]). Given that defendants did not comply with this court's rules with respect to identifying and notifying the court of discovery disputes or plaintiffs' purported non-compliance with the preliminary conference order the request to issue an order directing plaintiffs to comply with discovery demands is denied without prejudice (*see D'Amour v Ohrenstein & Brown, LLP*, 17 Misc 3d 1130(A) [Sup Ct, New York County 2007] [denying plaintiff's motion to obtain production where they did not contact the court before making the motion—as required by Rule 14 of the Rules of the Justices of the Commercial Division—to arrange a conference for the purpose of resolving the issues raised by the motion]).

To the extent any dispute still exists between the parties, defendants shall submit a Rule 14 letter within two weeks of this order. Such a letter must include a representation that the party has conferred with opposing counsel in a good faith effort to resolve the issues raised in the letter or shall indicate good cause as to why no such consultation occurred.

Connected to defendants' discovery issues, defendants seek to prohibit plaintiffs from moving to have any costs defrayed for nonparty discovery (Mac Avoy aff ¶ 17). Defendants are concerned that, because discovery had been proceeding prior to the substitution, the original plaintiffs may later seek to defray their production expenses as non-party witnesses under CPLR 3122(d) (*see* CPLR 3122(d) ["The reasonable production expenses of a non-party witness shall be defrayed by the party seeking discovery"]). Plaintiffs counter that the Loan Defendants improperly seek to preemptively bar the original plaintiffs from seeking to defray discovery costs under CPLR 3122, despite their willingness to comply with discovery. Further, the Loan Defendants fail to meet the requirements for injunctive relief as the issue is hypothetical and not ripe for judicial determination (NYSCEF # 107 – Cross Opp at 4).

Initially, it bears noting that CPLR 3122(d) applies to non-parties responding to subpoenas and is designed to ensure that non-parties are not unfairly burdened with the costs of litigation in which they are not directly involved. The statute does not, however, include provisions that would allow a party to preemptively bar plaintiffs who later become non-parties from seeking reimbursement for such costs. And the Loan Defendants did not otherwise demonstrate any reasonable justification for what is effectively a request for injunctive relief.

**850639/2023  AAREAL CAPITAL CORPORATION ET AL vs. 462BDWY LAND, L.P. A/K/A 462**
**BDWY LAND, L.P., ET AL**
**Motion No.  003**

**Page 4 of 6**

4 of 6

[* 4]

As plaintiffs correctly note, the possibility that the original plaintiffs will seek reimbursement of their costs in the future is hypothetical and premature. At the current stage, they have not requested the court for such relief. Moreover, it would be impossible for the court at this point to assess whether the costs the original plaintiffs may seek in the future are "reasonable."

The Loan Defendants' cross-motion is denied without prejudice to renew if and when a controversy ripens for resolution.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED that the original plaintiffs Aareal Capital Corporation, Aareal Bank AG, and PacificCal Debt III, LLC's motion to substitute PCAL Debt IV Broadway, LLC and PCAL Debt, LLC as substitute plaintiffs is granted; and it is further

ORDERED that the amended caption to this action shall read as follows:

------------------------------------------------------------------- X

PCAL Debt IV Broadway, LLC and
PCAL Debt III Broadway, LLC,

Plaintiffs,

-against-

462BDWY Land, L.P. a/k/a 462 BDWY Land, L.P.,
464 Broadway Associates, Stephen J. Meringoff,
Jay H. Shindler, Meringoff Properties, Inc., New
York State Department of Taxation and Finance,
New York City Department of Taxation and
Finance, Criminal Court of the City of New York,
and "John Doe" #1-12, the names of the last 12
defendants being fictious and unknown to
Plaintiffs, Plaintiffs intending to designate thereby
persons or parties having or claiming to have an
interest in or lien upon the descried premises,

Defendants.

------------------------------------------------------------------- X

and it is further

ORDERED that within 10 days of this order, plaintiffs shall serve a copy of this order with notice of entry on the General Clerk's Office and the County Clerk, who are directed to mark the court records to reflect the amendment in the caption; and it is further

ORDERED that the Loan Defendants' cross-motion on discovery issues is denied without prejudice.

This constitutes the Decision and Order of the court.

| 03/24/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | MARGARET A. CHAN, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | ☐ DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |