Savings Deposit Ins. Fund of Turkey v Aksoy (2020 NY Slip Op 08018)





Savings Deposit Ins. Fund of Turkey v Aksoy


2020 NY Slip Op 08018


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Webber, J.P., Mazzarelli, Gesmer, Moulton, González, JJ. 


Index No. 601721/04 Appeal No. 12738N Case No. 2020-02239 

[*1]Savings Deposit Insurance Fund of Turkey (Tasarruf Medvuati Sigorta Fonu), Plaintiff-Respondent,
v
Erol Aksoy, Defendant-Appellant.


Ortoli Rosenstadt, LLP, New York (Marc S. Gottlieb of counsel), for appellant.
Kellner Herlihy Getty & Friedman, LLP, New York (Douglas A. Kellner of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about October 11, 2019, which denied defendant's motion to vacate a judgment, same court (Richard B. Lowe, III, J.), entered July 12, 2005, against defendant in favor of plaintiff, unanimously affirmed, with costs.
Defendant contends that the New York judgment, which enforced a Turkish judgment, should be vacated because the Turkish judgment is no longer enforceable in Turkey (see CPLR 5015[a][5]). Defendant is precluded from challenging the validity and enforceability of the Turkish judgment at the time the New York judgment was entered, because this issue was already decided against him in a proceeding in which he had a full and fair opportunity to litigate. Even assuming that the Turkish judgment subsequently became unenforceable in Turkey due to the passage of time, that did not effect a reversal, modification, or vacatur of the judgment so as to warrant vacatur of the New York judgment. Rather, once the New York judgment was entered, it became a distinct entity with its own statute of limitations and rules of enforceability (Cadles of Grassy Meadows II, L.L.C. v Lapidus, 93 AD3d 535, 535-536 [1st Dept 2012]; see CPLR 211[b]; Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc., 2009 NY Slip Op 32650[U], *20-22 [Sup Ct, NY County 2009], revd on other grounds 87 AD3d 119 [1st Dept 2011], affd 19 NY3d 543 [2012]; Mee v Sprague, 144 Misc 2d 1057, 1060-1061 [Sup Ct, Westchester County 1989]; JSC Foreign Economic Assn. Technostroyexport v International Dev. & Trade Servs., Inc., 295 F Supp 2d 366, 374-376 [SD NY 2003]).
Because of our disposition of this issue, we need not reach the question of whether the motion to vacate should have been denied as untimely.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020