■ BANK OF NEW YORK MELLON TRUST COMPANY NA, Respondent, v EDDIE SACHAR, Appellant, et al., Defendants. [943 NYS2d 893]—Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about March 11, 2011, which, inter alia, granted plaintiff's motion for summary judgment on its complaint as against defendant Sachar, unanimously affirmed, without costs.

Plaintiff proved its standing to commence this foreclosure action by demonstrating that it was both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action was commenced (*see U.S. Bank,*

*N.A. v Collymore*, 68 AD3d 752 [2009]). Defendant is correct that, although Mortgage Electronic Registration System (MERS) validly assigned the mortgage to plaintiff, and the assignment was properly recorded in the public records, MERS had not been given any interest in the underlying note by the lender (*see Bank of N.Y. v Silverberg*, 86 AD3d 274, 283 [2011]). However, the complaint and the documents annexed to plaintiff's motion establish that an assignment of the note had been effectuated by physical delivery of the note before this action was commenced (*see id.* at 280; *Collymore*, 68 AD3d at 754). Concur—Tom, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.