■ BANK OF AMERICA, N.A., Successor by Merger to BAC HOME LOAN SERVICING LP, Respondent, v BINU THOMAS et al., Appellants, et al., Defendants. [29 NYS3d 346]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered November 24, 2014, which, to the extent appealed from as limited by the briefs, granted plaintiff bank's motion for summary judgment of foreclosure, unanimously reversed, on the law, without costs, and the motion denied.

As a preliminary matter, we can consider defendants' legal arguments attacking plaintiff's prima facie showing raised for the first time on appeal (see Chateau D' If Corp. v City of New York, 219 AD2d 205, 209-210 [1st Dept 1996], lv denied 88 NY2d 811 [1996]). Defendants are correct that, generally, an assignment of a mortgage by Mortgage Electronic Registration Systems does not convey the note (see Bank of N.Y. v Silverberg, 86 AD3d 274, 283 [2d Dept 2011]). While physical delivery of

the note can serve as a separate basis to establish standing in a foreclosure action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355 [2015]), plaintiff has not satisfied its burden of proving that the note is in its possession or that it was delivered prior to the commencement of this action.

Even if plaintiff's employee's affidavit sufficiently laid the foundation for the admission of the note as business record (*see* CPLR 4518 [a]), the note itself was not made part of the record (despite being referred to as an exhibit). In addition, although plaintiff's employee swears that based upon this review of business records, he knows that the note was delivered prior to the commencement of this action, the records relied upon for this conclusion are neither provided nor otherwise identified. Moreover, the absence of the note and nonconclusory information about its delivery makes it impossible to determine whether it was delivered from a holder, or plaintiff's standing (*see US Bank N.A. v Madero*, 125 AD3d 757, 757-758 [2d Dept 2015]; *JP Morgan Chase Bank, N.A. v Hill*, 133 AD3d 1057, 1058-1059 [3d Dept 2015]; *cf. Aurora Loan Servs.* at 360 [note and allonge attached to affidavit]). Concur—Mazzarelli, J.P., Acosta, Moskowitz, Gische and Webber, JJ.