■ MELISSA SHILLINGFORD, Respondent, v NEW YORK CITY
TRANSIT AUTHORITY et al., Appellants. [46 NYS3d 110]—

Judgment, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered January 7, 2016, in favor of plaintiff and against defendants in the total amount of $3,003,704.02, unanimously reversed, on the law, without costs, and the matter remanded for a new trial on damages.

In opposition to plaintiff's motion to preclude defendants' biomechanical engineer from testifying, defendants failed to present any scientific literature to support the expert's theories that bulging discs without damage to adjacent bony structures do not result from a force to the spine in its normal range of motion, that daily activity acceleration data may be used as a proxy for injury risk, or that crash-test dummy testing may be used to establish injury thresholds. Accordingly, Supreme Court properly precluded the expert's testimony regarding those theories (see Fraser v 301-52 Townhouse Corp., 57 AD3d 416, 418 [1st Dept 2008], appeal dismissed 12 NY3d 847 [2009]). However, Supreme Court erred in precluding the expert's testimony insofar as he sought to opine on the maximum force that may have been applied to plaintiff and the likelihood of resulting injury, without relying on the aforementioned theories; plaintiff's expert merely disagreed with defendants' expert's methodology and conclusions, presenting a battle of the experts for the jury to resolve (see Vargas v Sabri, 115 AD3d 505, 505-506 [1st Dept 2014]). Further, Supreme Court erred in precluding photographs of the vehicles after the accident, which were "probative and admissible . . . [on] the question of damages" (Homsey v Castellana, 289 AD2d 201, 201 [2d Dept 2001] [internal quotation marks omitted]). Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
OTMAN SIAD, Appellant. [46 NYS3d 415]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Maxwell Wiley, J.), rendered July 24, 2014, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.