■ WILMINGTON TRUST COMPANY, as Successor Trustee to BANK OF AMERICA NATIONAL ASSOCIATION, Respondent, v

AUDREY WALKER et al., Appellants, et al., Defendants. [51 NYS3d 64]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered September 21, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment in this mortgage foreclosure action, unanimously affirmed, without costs.

Defendants Audrey Walker and Dawn Walker are individuals who executed a mortgage and corresponding promissory note in connection with a residential property located in Bronx County. On appeal, they argue that plaintiff, the trustee of a Trust which holds their mortgage, does not have standing to bring this action.

Plaintiff has standing in this residential mortgage foreclosure action, as it provided prima facie evidence that it was the assignee of the subject mortgage, and the holder and assignee of the underlying note at the time this action was commenced in September 2009 (*OneWest Bank FSB v Carey*, 104 AD3d 444, 445 [1st Dept 2013]; *Bank of N.Y. Mellon Trust Co. NA v Sachar*, 95 AD3d 695, 695-696 [1st Dept 2012]). Plaintiff submitted a pooling and servicing agreement which shows that both the mortgage and the note were assigned to the Trust in June 2007.

In addition, plaintiff submitted the affidavit of the Vice President for Loan Documentation for the Trust's Servicer, who attested that, on July 1, 2009, the original note was physically delivered to plaintiff's attorneys, and that they retained this note at the time of commencement. These statements are sufficient to show that plaintiff had physical possession of the note prior to commencement of this action (*see Wells Fargo Bank, N.A. v Jones*, 139 AD3d 520, 523-524 [1st Dept 2016]; *U.S. Bank N.A. v Askew*, 138 AD3d 402, 402 [1st Dept 2016]; *Deutsche Bank Natl. Trust Co. v Idarecis*, 133 AD3d 702, 703 [2d Dept 2015]).

The individual defendants' argument that plaintiff violated a rule promulgated by Chief Judge Lippman (Administrative Order of Chief Admin Judge of Cts AO/548/10, dated Oct. 20, 2010) by not submitting an attorney affirmation certifying that the residential mortgage documents were complete and accurate is unavailing. Administrative Order AO/548/10 was amended in March 2011 by Administrative Order AO/431/11, which provided that, in pending cases, such affirmation could

be submitted along with the proposed judgment of foreclosure. Here, as the proposed judgment of foreclosure had not been submitted to the trial court as of the date of the trial court's decision, there is no violation. Concur—Friedman, J.P., Sweeny, Moskowitz, Gische and Kapnick, JJ.