(April 4, 2017)

■ B and H Florida Notes LLC, Respondent, v Alexander Ashkenazi et al., Defendants, and Amit Louzon, Appellant. [51 NYS3d 59]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 10, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment against defendant Amit Louzon, denied Louzon's cross motion for summary judgment dismissing the complaint against him, and denied Louzon's motion to amend his pleadings, unanimously modified, on the law, to the extent of denying plaintiff's motion for summary judgment, granting Louzon's motion to amend his answer to add the affirmative defense of lack of standing, and otherwise affirmed, without costs; and order, same court and Justice, entered July 31, 2015, which, to the extent appealed from as limited by the briefs, upon plaintiff's motion, appointed a referee to compute the sums due plaintiff under a note and New York mortgage, unanimously reversed, without costs, and the appointment vacated.

Pursuant to CPLR 1018, nonparty W89D5 LLC may continue to prosecute this appeal in Louzon's name, despite Louzon having transferred his interest in the premises to W89D5, which he solely owns, and which neither party has requested be substituted in this action (*Central Fed. Sav. v 405 W. 45th St.*, 242 AD2d 512 [1st Dept 1997]; *cf. HSBC Guyerzeller Bank AG v Chascona N.V.*, 66 AD3d 488, 489 [1st Dept 2009] [party was properly substituted as the foreclosure plaintiff]).

The motion court properly denied Louzon's cross motion for summary judgment. On a prior appeal, this Court unanimously held that Louzon purchased the premises subject to the New York mortgage (*Grand Pac. Fin. Corp. v Ashkenazi*, 108 AD3d 425 [1st Dept 2013], *lv denied* 22 NY3d 1015 [2013]). The Mutual Settlement Agreement and General Release in the Michigan foreclosure action did not contain or constitute a waiver of plaintiff's foreclosure rights under the New York mortgage. Additionally, RPAPL 1371 does not apply, since there has been no foreclosure sale under the New York mortgage (*Hometown Bank of Hudson Val. v Colucci*, 127 AD3d 702, 704 [2d Dept 2015]). RPAPL 1306 is also inapplicable. That statute is triggered by RPAPL 1304, which applies only to a "home loan," and the New York mortgage is not a "home loan" within the meaning of RPAPL 1304.

However, because Louzon raised triable issues of fact as to plaintiff's standing, the motion court should have granted Louzon's motion under CPLR 3025 (b) to the extent of permitting Louzon to amend his answer to add the affirmative defense of standing, and, upon doing so, denied plaintiff's motion for summary judgment. "A plaintiff may establish standing in a foreclosure action either by showing assignment of the mortgage note or physical delivery of the note *prior* to the commencement of the foreclosure action" (*U.S. Bank N.A. v Askew*, 138 AD3d 402, 402 [1st Dept 2016] [emphasis added]). However, a plaintiff may not do so by means of "[c]onclusory boiler plate statements" (*Wells Fargo Bank, N.A. v Jones*, 139 AD3d 520, 524 [1st Dept 2016] [internal quotation marks omitted]). In addition, inconsistent statements regarding possession of the note at the time plaintiff commenced the foreclosure action create a triable issue of fact as to standing precluding summary judgment (*see U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2d Dept 2009]; *Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375, 1377 [3d Dept 2015]).

Here, plaintiff commenced this foreclosure action on August 29, 2013. In support of its summary judgment motion, and in reply to Louzon's opposition and cross motion raising the issue of standing, plaintiff submitted conflicting affidavits from Carl Lin, the vice president of Grand Pacific Holdings Corp., the subservicer for Wells Fargo Bank.[1] In support of plaintiff's motion for summary judgment, Lin stated, in an affidavit sworn to on June 3, 2014, that plaintiff was in "physical possession" of the note, the guaranty, the mortgage, and all other loan

---

1. Wells Fargo Bank has been succeeded in this action by B&H Florida Notes LLC.

documents. Specifically, Lin stated that plaintiff came into possession of these documents following their assignment from the trust depositor, Grand Pacific Business Loan LLC, pursuant to an agreement dated October 5, 2012 and recorded on October 25, 2012.

However, in his reply affidavit, sworn to on September 10, 2014, Lin stated that on April 9, 2012, plaintiff sent the note, the allonge, the guaranty, and the other loan documents to Grand Pacific. Lin further stated in his reply affidavit that since April 11, 2012, Grand Pacific has "continuously had physical custody" of the note and the other documents.

Although Lin later stated in his reply affidavit that Grand Pacific was entitled to hold the note and related documents for plaintiff pursuant to a servicing agreement, this statement was itself inconsistent. Lin never mentioned this agreement in his first affidavit, in which he stated that plaintiff was in physical possession of the note and related documents.[2]

Accordingly, plaintiff was inconsistent as to whether it physically held the note at the time it commenced this foreclosure action. Therefore, plaintiff's summary judgment motion should have been denied (see Collymore, 68 AD3d at 754; Ostiguy, 127 AD3d at 1377).

Since we are denying plaintiff's motion for summary judgment, we reverse and vacate the order of reference appointing a referee to compute the sum due to plaintiff.

We have considered Louzon's remaining contentions, including his argument that plaintiff has violated RPAPL 1301, and find them unavailing. Concur—Sweeny, J.P., Renwick, Kahn and Gesmer, JJ.

---

2. Moreover, we may not consider the servicing agreement because Lin did not authenticate it, either by identifying the signatures or by laying a business records foundation (see CPLR 4518; Wells Fargo Bank, N.A. v Jones, 139 AD3d 520, 521-522 [1st Dept 2016]; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619-620 [2d Dept 2016]). In both of Lin's affidavits, he fails to plead that he was familiar with plaintiff's record-keeping practices (see Baritz, 144 AD3d at 620).