Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about June 10, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiffs motion for summary judgment against defendants-appellants and denied defendants-appellants’ cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
 

 Defendants Brjimohan and Khan executed a mortgage and corresponding note in connection with a residential property located in Bronx County. Plaintiff established a prima facie right to foreclose on the property by producing the note, the mortgage securing the note, and evidence of nonpayment (see ING Real Estate Fin. [USA] LLC v Park Ave. Hotel Acquisition, LLC, 89 AD3d 506 [1st Dept 2011]; JPMCC 2007-CIBC19 Bronx Apts., LLC v Fordham Fulton LLC, 84 AD3d 613 [1st Dept 2011]). Plaintiff also established standing (see Kondaur Capital Corp. v McCary, 115 AD3d 649 [2d Dept 2014]), by providing prima facie evidence it was the holder of the underlying note at the time this action was commenced on July 17, 2013 (see B & H Florida Notes LLC v Ashkenazi, 149 AD3d 401 [1st Dept 2017]; U.S. Bank N.A. v Askew, 138 AD3d 402, 402 [1st Dept 2016]).
 

 Plaintiff submitted affidavits of Angela Farmer, the Vice President of Rushmore Loan Management Services LLC, plaintiff’s loan servicer and attorney in fact, who attested that, on April 1, 2013, the original note was physically delivered to Rushmore, in its capacity as servicer and attorney in fact for plaintiff, and that Rushmore had retained the note ever since. As delivery occurred before the July 17, 2013 commencement date, this was sufficient to show plaintiff had physical possession of the note prior to commencement of this action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355 [2015]; Wilmington Trust Co. v Walker, 149 AD3d 409 [1st Dept 2017]; Bank of N.Y. Mellon Trust Co. NA v Sachar, 95 AD3d 695 [1st Dept 2012]). Since physical delivery of the note before commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident, defendants’ arguments regarding the validity of the mortgage assignment are insufficient to raise a triable issue of fact in opposition (see Aurora Loan Servs., 25 NY3d 355; U.S. Bank, N.A. v Collymore, 68 AD3d 752 [2d Dept 2009]).
 

 In addition, Farmer’s affidavits, based on her personal knowledge of Rushmore’s mailing procedures, described Rushmore’s standard business practices with regard to sending RPAPL 1304 90-day notices and mortgage default letters to borrowers and she affirmed, based on her personal knowledge, that the notices had been sent to defendants to their mortgage notice address in compliance with the requirements of RPAPL 1304 and the subject mortgage. As to the RPAPL 1304 notice, plaintiff also submitted a copy of the certified mail receipt from the US Post Office. Plaintiff thereby tendered sufficient evidence to demonstrate the absence of material issues as to its strict compliance with RPAPL 1304 and the notice provisions of the subject mortgage, and this evidence created a rebuttable presumption that defendants actually received these notices.
 

 We have considered defendants’ remaining arguments and find them unavailing.
 

 Concur — Sweeny, J.P., Renwick, Kapnick, Kern and Moulton, JJ.