HSBC Bank USA, N.A. v Gifford (2018 NY Slip Op 03738)





HSBC Bank USA, N.A. v Gifford


2018 NY Slip Op 03738


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


6646 35004/13E

[*1]HSBC Bank USA, National Association, etc., Plaintiff-Respondent,
v
David Gifford, Defendant-Appellant, Mortgage Electronic Registration Systems, Inc., etc., et al., Defendants.


Michael Kennedy Karlson, New York, for appellant.
Sanselands Eyet, LLP, New York (Lauren P. Chirch of counsel), for respondent.



Judgment of foreclosure and sale, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about March 22, 2017, and bringing up for review an order, same court (Lizbeth Gonzalez, J.), entered on or about June 6, 2016, which granted plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, the judgment vacated and, upon a search of the record, summary judgment dismissing the complaint as against defendant Gifford granted without prejudice. The Clerk is directed to enter judgment accordingly.
We reject defendant's contentions that plaintiff's proof of standing was insufficient and that the contents of its notice of default and 90-day notice pursuant to Real Property Actions and Proceedings Law § 1304 failed to comply with the mortgage and the statute. However, we find that plaintiff failed to carry its burden of proving proper service of the notice of default, which is a condition precedent to the commencement of a foreclosure action (RPAPL 1304[3]). The affidavit of mailing, by a person who did not personally do the mailing but relied on his knowledge of his employer's office practices, does not demonstrate the affiant's familiarity with his employer's mailing practices and procedures with respect to notices of default (see Nationstar Mtge., LLC v Cogen, ___ AD3d ___, 2018 Slip Op 01413 [1st Dept 2018]; U.S. Bank N.A. v Brjimohan, 153 AD3d 1164 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK