One Westbank FSB v Rodriguez (2018 NY Slip Op 03925)





One Westbank FSB v Rodriguez


2018 NY Slip Op 03925


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


6757N 35153/12

[*1] One Westbank FSB, Plaintiff-Appellant,
v
George A. Rodriguez, et al., Defendants-Respondents, Mortgage Electronic Registration System Inc., etc., et al., Defendants.


Ras Boriskin, LLC, Westbury (Joseph F. Battista of counsel), for appellant.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered on or about May 27, 2016, which denied plaintiff's motion for summary judgment and transferred the matter to the foreclosure settlement part, unanimously affirmed, with costs.
Supreme Court properly held that summary judgment was precluded by a triable issue as to whether plaintiff was holder of the note and mortgage at the time it commenced foreclosure proceedings, and hence whether it had standing to bring this action (see Bank of N.Y. Mellon Trust Co. NA v Sachar, 95 AD3d 695 [1st Dept 2012]). The indorsement which plaintiff purports effected a transfer of the note to it was not written on the note itself; rather, it was written on a separate sheet of paper, was written in blank, was undated, and does not reference the note. Further, there is no indication in the record that the blank indorsement was ever attached to the note, much less "so firmly affixed thereto as to become a part thereof," as required under NY UCC § 3-202(2). Accordingly, there is a triable issue as to whether the purported indorsement constituted a valid transfer of the underlying note to plaintiff (see HSBC Bank USA N.A. v Roumiantseva, 130 AD3d 983 [2d Dept 2015]).
Plaintiff's argument that its standing is established by its physical possession of the note is unpreserved; before Supreme Court, it only claimed to be a valid holder due to the note's assignment.
Under the circumstances here, Supreme Court providently exercised discretion by relying upon its interest of justice jurisdiction to treat defendants' opposition papers as a cross motion, and refer the matter to the settlement conference part. Plaintiff cannot claim surprise, as both defendants' answer and their opposition papers asked that the case be transferred for settlement conference.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK