US Bank Natl. Assn. v Ezugwu (2018 NY Slip Op 04850)





US Bank Natl. Assn. v Ezugwu


2018 NY Slip Op 04850


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


7022 38221/10

[*1]US Bank National Association, etc., Plaintiff-Appellant,
v
Anthony Ezugwu, Defendant-Respondent, New York City Environmental Control Board, et al., Defendants.


Hogan Lovells US LLP, New York (Ryan Sirianni of counsel), for appellant.
Petroff Amshen LLP, Brooklyn (Christopher Villanti of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 7, 2017, which, to the extent appealed from, denied plaintiff's renewed motion for summary judgment on the complaint as against defendant Anthony Ezugwu, and to dismiss Ezugwu's affirmative defenses counterclaims, unanimously reversed, on the law, without costs, and the motion granted.
In this action to foreclose on a note and mortgage, plaintiff, US Bank National Association ("USBNA"), as trustee of a trust consisting of investment instruments (mortgage-backed securities), established standing to commence this foreclosure action and, hence, the legal insufficiency of Ezugwu's affirmative defense of lack of standing. The affidavit of a loan documentation officer employed by the loan-originating bank ("Wells Fargo") avers that Wells Fargo, while always in possession of Ezugwu's loan documents, ultimately served as a servicer and custodial holder of loan documents under the terms of a 2006 pooling and servicing agreement ("PSA"), and that Wells Fargo transferred the note into the possession of USBNA, as trustee of the PSA, prior to the commencement of the instant foreclosure action, as corroborated by documents including the note, mortgage and PSA that contained, inter alia, a mortgage loan schedule and custodial activity sheet for Ezugwu's loan documents (see generally Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]).
To the extent USBNA also argues that its standing can be separately demonstrated by the terms of the PSA, which indicates an assignment of the "loan" (and its documents) from Wells Fargo to the trust, we agree under the circumstances herein (see Wilmington Tr. Co. v Walker, 149 AD3d 409 [1st Dept 2017]).
USBNA is also entitled to dismissal of Ezugwu's remaining affirmative defenses and counterclaims, which, as pleaded, are legally insufficient and not pursued on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK