B & H Fla. Notes LLC v Ashkenazi (2020 NY Slip Op 02553)





B & H Fla. Notes LLC v Ashkenazi


2020 NY Slip Op 02553


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


850263/13 11440A 11440

[*1]B and H Florida Notes LLC, Plaintiff-Respondent-Appellant,
v
Alexander Ashkenazi, et al., Defendants, Amit Louzon, Defendant-Appellant-Respondent.


McLaughlin & Stern, LLP, Great Neck (John M. Brickman of counsel), for appellant-respondent.
Marc E. Scollar, Staten Island, for respondent-appellant.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered May 29, 2019, dismissing the action without prejudice, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered April 17, 2019, which vacated an order entered April 9, 2019, after a nonjury trial, dismissing the action with prejudice, and dismissed the action without prejudice, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The trial court correctly determined after a nonjury trial that plaintiff failed to establish that Wells Fargo Bank, N.A., which commenced this foreclosure action and was succeeded by plaintiff, had possession of the note at the time the action was commenced (see B & H Florida Notes LLC v Ashkenazi, 149 AD3d 401, 402 [1st Dept 2017]). The trial evidence establishes, at most, that the note was in the possession of Grand Pacific Holdings Corp. at that time, and there is no evidence showing that, as the complaint alleges, Grand Pacific Holdings was Wells Fargo's subservicer or that there was any other connection between the two entities (see US Bank N.A. v Ezugwu, 162 AD3d 613, 614 [1st Dept 2018]; U.S. Bank N.A. v Brjimohan, 153 AD3d 1164, 1165 [1st Dept 2017]; Wilmington Trust Co. v Walker, 149 AD3d 409, 410 [1st Dept 2017]).
Defendant Amit Louzon argues correctly that the court's vacatur of its April 9, 2019 order dismissing the action with prejudice and issuance of an order dismissing the action without prejudice was procedurally improper, because the substitution of "without prejudice" for "with prejudice" is a substantive revision (see CPLR 5019[a]; Johnson v Societe Generale S.A., 94 AD3d 663, 664 [1st Dept 2012]). However, on appeal from the judgment (which brings up for review the order [CPLR 5501]), the parties dispute whether the action should be dismissed with or without prejudice, and we find that the action was correctly dismissed without prejudice, [*2]because the dismissal is based on lack of standing, not on the merits (Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13-14 [2008]; Wells Fargo Bank, N.A. v Ndiaye, 146 AD3d 684 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK