East Hampton Capital LLC v Fergusson (2020 NY Slip Op 02718)





East Hampton Capital LLC v Fergusson


2020 NY Slip Op 02718


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


11480 152264/19

[*1] East Hampton Capital LLC, Plaintiff-Appellant,
v
Claire Fergusson, Defendant-Respondent.


Law Offices of David E. Mollon, Great Neck (David E. Mollon of counsel), for appellant.
Don B. Panush, New York, for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered August 1, 2019, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff is the owner of the subject apartment. Defendant is the present and long-time occupant. Plaintiff seeks a declaration that defendant has no right to occupy the apartment.
This action is barred by res judicata in view of the prior decision in an action involving defendant and a prior owner of the subject apartment (NLI/Lutz, LLC [NLI/Lutz]). "[U]nder res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties," or those in privity with them, on any "claims arising out of the same transaction or series of transactions . . . , even if based upon different theories or if seeking a different remedy" (Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 12 [2008]; Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]). As a successor to the same property interest, plaintiff is in privity with NLI/Lutz (see Matter of Juan C. v Cortines, 89 NY2d 659, 667 [1997]; Watts v Swiss Bank Corp., 27 NY2d 270, 277 [1970]; Arnold v 4-6 Bleecker St. LLC, 165 AD3d 493, 494 [1st Dept 2018]; see also Stasyszyn v Sutton E. Assoc., 161 AD2d 269, 272 [1990]).
The fact that the prior decision was rendered shortly after NLI/Lutz sold the property does not change this analysis. Unlike in the case relied upon by plaintiff, the prior action at issue here was commenced and litigated while NLI/Lutz still owned the apartment; it was only the decision that did not come down until after the sale (see Postal Tel. Cable Co. v City of Newport, Ky., 247 US 464, 474-476 [1918]). Contrary to plaintiff's claim, there was nothing preventing the new owner from appealing (see CPLR 1018; B & H Florida Notes LLC v Ashkenazi, 149 AD3d 401, 401 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK