HSBC Bank USA, N.A. v Greene (2021 NY Slip Op 00015)





HSBC Bank USA, N.A. v Greene


2021 NY Slip Op 00015


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Index No. 35654/18E Appeal No. 12761 Case No. 2019-04684 

[*1]HSBC Bank USA, National Association as Trustee for Ace Securities Corp., HomeEquity Loan Trust, Series 2007-HE4, Plaintiff-Respondent-Appellant,
v
Michelle Greene, Individually and as Heir and Distributee to the Estate of Doris Greene, Also Known as Doris Estelle Greene, Defendant-Appellant-Respondent, Tracee Greene, as Heir and Distributee of the Estate of Doris Greene, Also Known as Doris Estelle Greene, et al., Defendants.


Bronx Legal Services, Bronx (Irvin M. Schwartz of counsel), for appellant-respondent.
Hinshaw & Culbertson LLP, New York (Fernando C. Rivera-Maissonet of counsel), for respondent-appellant.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered October 11, 2019, which, to the extent appealed from as limited by the briefs, denied defendant Michelle Greene's (Michelle) motion for summary judgment dismissing the complaint and to quiet title, and denied plaintiff's cross motion for summary judgment against Michelle and a default judgment against the remaining defendants, unanimously affirmed, without costs.
Michelle argues that the complaint should be dismissed because the foreclosure action commenced against her and her decedent, Doris Greene (Doris), in 2007 by nonparty Deutsche Bank, assignee of nonparty Mortgage Electronic Registration Systems, Inc. (MERS), as nominee of the original lender, had accelerated the mortgage, the acceleration had not been revoked, and the statute of limitations to foreclose on the property had expired. However, where the prior foreclosure action was discontinued, Michelle failed to establish prima facie that Deutsche Bank had standing to commence the foreclosure action in 2007. As the mortgage had been assigned to Deutsche Bank by MERS, the assignment did not convey the note (Bank of Am., N.A. v Thomas, 138 AD3d 523 [1st Dept 2016]; see Bank of N.Y. Mellon Trust Co. NA v Sachar, 95 AD3d 695 [1st Dept 2012]; see generally Bank of N.Y. v Silverberg, 86 AD3d 274 [2d Dept 2011]), and was therefore a nullity (Merritt v Bartholick, 36 NY 44, 45 [1867]; see Silverberg, 86 AD3d at 280). Nor did Michelle establish that Deutsche Bank had standing because it physically possessed the note when it commenced its foreclosure action (see Thomas, 138 AD3d at 523-524; Sachar, 95 AD3d at 696; Brunner v Estate of Lax, 137 AD3d 553 [1st Dept 2016]).
Plaintiff failed to establish prima facie that it is the assignee of Deutsche Bank or that it possessed the note when it commenced this action. The senior analyst for the prior loan servicer averred, based on his review of both the prior loan servicer and the current loan servicer's records, that the mortgage and note were assigned to plaintiff and physically delivered to its custodian on April 1, 2007. However, the analyst did not say that he was familiar with plaintiff's record-keeping practices and procedures. Thus, his affidavit did not constitute a proper foundation for the admission of the records (see U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774 [2d Dept 2019]). Moreover, it was hearsay, since the records were not submitted with the affidavit (see id.).
Although plaintiff's failure to make a prima facie showing obviates the need to evaluate the sufficiency of Michelle's opposition, we note that Michelle's submissions raised an issue of fact. Neither plaintiff nor the senior loan analyst identified any provision in the relevant pooling and servicing agreement, in which plaintiff is named as the trustee, that demonstrates that, as the analyst said, Doris and Michelle's mortgage had been securitized and pooled with other loans (see Wilmington Trust [*2]Co. v Walker, 149 AD3d 409, 410 [1st Dept 2017]). Therefore, the analyst's statements that plaintiff had always had Doris and Michelle's note in its possession were conclusory and failed to refute Michelle's showing that Deutsche Bank had commenced a foreclosure action based on MERS's assignment of the mortgage to it.
In view of the foregoing, plaintiff is not entitled to either summary judgment on its cause of action to reform the mortgage or a default judgment against the non-appearing defendants (see First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 865 [2d Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021