Sason v Dykes Lbr. Co., Inc. (2023 NY Slip Op 05796)

Sason v Dykes Lbr. Co., Inc.

2023 NY Slip Op 05796

Decided on November 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 16, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 190257/17 Appeal No. 1033 Case No. 2023-03840 

[*1]Raphael Sason, Plaintiff-Respondent,
v
Dykes Lumber Company, Inc., Defendant-Appellant Georgia Pacific LLC (Delaware) etc. et al., Defendants.

Clyde & Co US LLP, New York (Kevin C. McCaffrey of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Pierre A. Ratzki of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about July 24, 2023, which denied defendant Dykes Lumber Company, Inc.'s motion for summary judgment dismissing the complaint and any cross-claims as against it, unanimously affirmed, without costs.
Plaintiff Raphael Sason testified that he and his brother, decedent Uziel Sason, operated a woodworking shop from approximately 1967 to 1980, and frequently used a product called Durham Rock Hard putty that they obtained from defendant and other defendant suppliers. Plaintiff alleges that the product contained asbestos and contributed to decedent's development of mesothelioma.
Defendant's motion for summary judgment was properly denied. '"[I]t is well-established that an opinion on causation should set forth a plaintiff's exposure to a toxin, that the toxin is capable of causing the particular illness (general causation) and that plaintiff was exposed to sufficient levels of the toxin to cause the illness (specific causation)'" (Nemeth v Brenntag N. Am., 38 NY3d 336, 342-343 [2022], quoting Parker v Mobil Oil Corp., 7 NY3d 434, 448 [2006]). The Court of Appeals has recently held that, to establish specific causation, a plaintiff must "provide a[] scientific expression linking [] actual exposure to asbestos to a level known to cause mesothelioma" (Nemeth at 346). Instead of "[s]imply quantifying the magnitudes of asbestos fibers released into the environment," the scientific expression must be "specifically designed to capture asbestos fibers created by the simulated activity in the breathable zones of the participating worker and helper" (Dyer v Amchem Prods., Inc., 207 AD3d 408, 412 [1st Dept 2022]).
Here, defendant established, prima facie, the absence of specific causation by submitting an affidavit from its industrial hygienist Neva Jacobs, who calculated decedent's cumulative dose of asbestos and opined that decedent's lifetime cumulative exposure of approximately 0.7 fiber years from all sources was within the range of lifetime cumulative exposures to asbestos from breathing ambient air. However, in opposition, plaintiff raised an issue of fact by submitting affidavits from medical expert Dr. Mark Ginsburg and industrial hygienist Kenneth Garza. Dr. Ginsburg opined that decedent's approximate exposure range exceeded the known causative levels for mesothelioma. In reaching his opinion, Dr. Ginsburg relied on Garza's report, which cited simulation studies that demonstrated that decedent's work mixing and sanding joint compound and putty would have released toxic concentrations of asbestos fibers into his breathing zone. These studies satisfy the scientific expression requirements articulated by the Court of Appeals in Nemeth (see Dyer at 412).
Accordingly, Supreme Court correctly denied defendant's summary judgment motion, as the parties' competing causation evidence constituted the classic "battle of the experts" (Shillingford v New York City Tr. Auth., 147 AD3d 465, 465[*2][1st Dept 2017]; see also Scholastic Inc. v Pace Plumbing Corp., 129 AD3d 75, 87 [1st Dept 2015]; Boston v Weissbart, 62 AD3d 517, 518 [1st Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2023