B & H Fla. Notes LLC v Ashkenazi (2023 NY Slip Op 05785)

B & H Fla. Notes LLC v Ashkenazi

2023 NY Slip Op 05785

Decided on November 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 16, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 850141/19 Appeal No. 1036-1037-1038 Case No. 2022-00361, 2022-02526, 2022-04015 

[*1]B and H Florida Notes LLC, Plaintiff-Respondent-Appellant,
v
Alexander Ashkenazi, et al., Defendants, W89D5 LLC, Defendant-Appellant-Respondent,

Rosenberg Fortuna & Laitman, LLP, Garden City (Christopher Villanti of counsel), for appellant-respondent.
Marc Scollar, East Hampton, for respondent-appellant.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about February 4, 2022, which denied defendant W89D5, LLC's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. Appeals from orders, same court and Justice, entered on or about October 19, 2021 and June 30, 2022, unanimously dismissed, without costs, as academic.
On August 29, 2013, plaintiff's predecessor, Wells Fargo, commenced an action to foreclose the mortgage, and the following year moved for summary judgment. On March 15, 2015, plaintiff moved to be substituted into the action. Both the motion for summary judgment and for plaintiff to be substituted were granted. On appeal, this Court modified to grant then-defendant's motion to amend his answer to add the defense of lack of standing and deny Wells Fargo's motion for summary judgment because it failed to establish standing (B & H Florida Notes LLC v Ashkenazi, 149 AD3d 401 [1st Dept 2017]). In April 2019, after a two-day bench trial, the action was dismissed for lack of standing. On appeal, this Court held the dismissal was without prejudice and was not a dismissal on the merits (B & H Fla. Notes LLC v Ashkenazi, 182 AD3d 525 [1st Dept 2020], lv denied 36 NY3d 906 [2021]).
Plaintiff commenced this new foreclosure action on June 19, 2019, employing the "savings provision" of CPLR 205(a) to render its new complaint timely filed. While plaintiff's subsequent motion for summary judgment was pending, defendant moved for summary judgment, inter alia, to dismiss the complaint as time-barred and for lack of standing. By order dated February 4, 2022, the court denied defendant's motion and granted plaintiff's cross-motion to the extent of dismissing additional affirmative defenses. Defendant subsequently moved to vacate the order on the grounds that plaintiff's opposition and cross-motion were served two days late. By order dated June 30, 2022, the court denied that motion in its entirety.
The parties appealed all three orders to this Court. While the appeals were pending, the Legislature enacted the Foreclosure Abuse Prevention Act (FAPA) on December 30, 2022. FAPA provides that it "shall take effect immediately and shall apply to all actions commenced on an instrument described under subdivision four of section two hundred thirteen of the civil practice law and rules in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10). Accordingly, it applies to this foreclosure action.
FAPA amends CPLR 205 to provide that it no longer applies to mortgage foreclosure actions (CPLR 205 [c]), and creates a new statute, CPLR 205-a. Like CPLR 205, CPLR 205-a contains a "savings clause" provision that permits a plaintiff in a mortgage foreclosure action that has been terminated to commence a new action within six months. In order for a plaintiff to take advantage of this clause, however, CPLR 205-a provides [*2]that "a successor in interest or an assignee of the original plaintiff shall not be permitted to commence the new action, unless pleading and proving that such assignee is acting on behalf of the original plaintiff," and that the original plaintiff may only receive one six-month extension (CPLR 205-a [a] [1], [2]).
Plaintiff in this action is concededly not the original plaintiff and is not acting on behalf of the original plaintiff. Accordingly, plaintiff is statutorily barred from commencing this action (U.S. Bank N.A. v Fox, 216 AD3d 445 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2023