**Shuman v Pfizer, Inc.**

2024 NY Slip Op 33845(U)

October 28, 2024

Supreme Court, New York County

Docket Number: Index No. 190115/2020

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. ADAM SILVERA**

*Justice*

PART 13

-----------------------------------------------------------------------X

FRANCINE SHUMAN,

Plaintiff,

- v -

PFIZER, INC.,INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO COTY, RITE AID OF NEW YORK, INC.,RITE AID OF NEW YORK CITY, INC.,WALGREEN EASTERN CO., INC.,INDIVIDUALLY AND AS SUCCESSOR-ININTEREST TO RITE-AID, BRENNTAG NORTH AMERICA, AS A SUCCESSOR-IN-INTEREST TO MINERAL PIGMENT SOLUTIONS, INC.,AS A SUCCESSOR-IN INTEREST TO WHITTAKER, CLARK & DANIELS, INC.,BRENNTAG SPECIALTIES, INC.,F/K/A MINERAL PIGMENT SOLUTIONS, INC.,AS A SUCCESSOR-IN INTEREST TO WHITTAKER, CLARK & DANIELS, INC.,COTY, INC.,CYPRUS AMAX MINERALS COMPANY, DUANE READE, INC.,INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ROCK BOTTOM STORES, INC.,JOHNSON & JOHNSON, JOHNSON CONSUMER COMPANIES, INC.,JOHNSON & JOHNSON HEALTH AND WELLNESS SOLUTIONS, INC.,KOLMAR LABORATORIES, INC.,WALGREENS BOOTS ALLIANCE, INC.,INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO DUANE READE, WALGREEN EASTERN CO., INC.,INDIVIDUALLY AND AS SUCCESSOR-IN- INTEREST TO RITE-AID, WALGREEN CO., INC.,WHITTAKER, CLARK & DANIELS, INC.,

Defendant.

-----------------------------------------------------------------------X

INDEX NO. ___190115/2020___

MOTION DATE _____

MOTION SEQ. NO. ___002___

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158

were read on this motion to/for _____SUMMARY JUDGMENT(AFTER JOINDER_____.

Upon the foregoing documents and for the reasons set forth below, the Court denies the

motion for summary judgment by defendant Kolmar Laboratories, Inc. ("Defendant"), pursuant

to CPLR § 3212.

190115/2020   SHUMAN, FRANCINE vs. PFIZER, INC., INDIVIDUALLY
Motion No. 002

Page 1 of 4

[* 1]

Defendant moves for summary judgment on the grounds that plaintiff, Francine L. Shuman ("Plaintiff"), has not established that she was exposed to any asbestos-containing product manufactured by Defendant; that, even if she has established exposure, she has not established that any such product caused her cancer; and that, even if she has established exposure and causation, Defendant still bears no liability because any such product was manufactured per the specifications of co-defendant Johnson & Johnson, which Defendant was contractually obliged to follow. *See* Memorandum of Law in Support of Motion for Summary Judgment by Kolmar Laboratories, Inc., dated September 24, 2021, at 15-25.

In opposition, Plaintiff argues that Defendant has confirmed its active role in manufacturing a product at issue, that Plaintiff's experts have offered sufficient evidence that Plaintiff was exposed to and harmed by such product, and that Defendant can be held liable for a product it manufactured despite its contractor status. *See* Affirmation in Opposition to Defendant Kolmar Laboratories Inc.'s Motion for Summary Judgment at 13-18. Defendant replies that it has met its burden on summary judgment, reiterating the arguments in its original motion. *See* Memorandum of Law in Support of Motion for Summary Judgment by Kolmar Laboratories, Inc., dated November 18, 2021, at 2-22.

Summary judgment is a drastic remedy. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 (1985). To meet this initial burden, the moving defendant must do more than "argue that plaintiff could not affirmatively prove causation"; it must "affirmatively prove, as a matter of law, that there was no causation." *Dyer v Amchem Products Inc.*, 207 AD3d 408, 409 (1st Dep't 2022);

**190115/2020  SHUMAN, FRANCINE vs. PFIZER, INC., INDIVIDUALLY**
Motion No.  002

**Page 2 of 4**

*see also Reid v Georgia-Pac. Corp.*, 212 AD2d 462, 463 (1st Dep't 1995) (noting that, on a motion for summary judgment, the moving defendant must "unequivocally establish that its product could not have contributed to the causation of plaintiff's injury"). The failure to make such an affirmative showing requires denial of the motion without probing the sufficiency of the plaintiff's opposing papers. *See Winegrad*, 64 NY2d at 853.

Even if the moving defendant makes a prima facie showing that it is entitled to judgment as a matter of law, the court should deny a summary judgment motion if the plaintiff's opposing papers present admissible evidence establishing that a genuine issue of fact remains. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). One way that a plaintiff may do so is by pointing to "competing causation evidence," which "constitue[s] the classic 'battle of the experts,'" sufficient to raise a question of fact and to preclude summary judgment. *Sason v Dykes Lbr. Co.*, 221 AD3d 491, 492 (1st Dep't 2023), quoting *Shillingford v New York City Tr. Auth.*, 147 AD3d 465, 465 (1st Dep't 2017).

"In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 (1st Dep't 1992)(internal citation omitted). The court's role is "issue-finding, rather than issue-determination." *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957), quoting *Esteve v Abad*, 271 AD 725, 727 (1st Dep't 1947) (internal quotation marks omitted). As such, summary judgment is rarely granted in negligence actions unless no conflict exists in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979).

Here, Defendant confuses who has the burden of proof at the summary judgment stage, arguing that Plaintiff has failed to prove causation. Defendant's arguments focus largely on

**190115/2020  SHUMAN, FRANCINE vs. PFIZER, INC., INDIVIDUALLY**
**Motion No.  002**

**Page 3 of 4**

[* 3]

3 of 4

Plaintiff's inability to pinpoint how much, if any, of Defendant's product she used. But, at this stage, Plaintiff need only raise a triable issue of fact concerning specific causation. Defendant has confirmed that it manufactured a product at issue during the period of Plaintiff's exposure. Furthermore, there is conflicting evidence as to the extent of Defendant's involvement with, and as to Defendant's knowledge of the dangers of, the product. Thus, Defendant has failed to "unequivocally establish that its product could not have contributed to the causation of [P]laintiff's injury." *Reid*, 212 AD2d at 463. As Defendant has failed to meet its initial burden on a motion for summary judgment, and issues of fact exist, summary judgment must be denied.

Accordingly, it is

ORDERED that Defendant's motion for summary judgment is denied in its entirety; and it is further

ORDERED that within 30 days of entry Plaintiff shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| 10/28/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | **ADAM SILVERA, J.S.C.** | | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | X DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**190115/2020   SHUMAN, FRANCINE vs. PFIZER, INC., INDIVIDUALLY**
Motion No.  002

**Page 4 of 4**

[* 4]                                             4 of 4