Medina v 217 LLC (2026 NY Slip Op 00316)

Medina v 217 LLC

2026 NY Slip Op 00316

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Index No. 2024-06462|Appeal No. 5637|Case No. 2024-06462|

[*1]Brenda Medina, Plaintiff-Respondent,
v217 LLC, Defendant-Appellant. 

Segal McCambridge Singer & Mahoney, Ltd., New York (Justin Waytowich of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Joshua Block of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered October 11, 2024, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that she slipped and fell on a wet floor after water that leaked through a skylight accumulated on top of the stairs on the fifth-floor landing at a building owned by defendant.
Defendant failed to establish that it is an out-of-possession landlord with no duty to maintain the premises (see Matias v New Yorker Hotel Mgt. Co., Inc., 201 AD3d 592, 593 [1st Dept 2022]). Although defendant asserted that nonparty P.K. Management maintained the premises on a daily basis, defendant did not submit "any primary or other competent evidence" demonstrating that it had relinquished possession or control so as to absolve it of its duty to maintain the premises (id.; see Villafane v Industrial Constr. Mgt., Ltd., 137 AD3d 526, 526 [1st Dept 2016]).
Triable issues of fact exist as to whether defendant had actual or constructive notice of the water leakage that caused plaintiff to slip and fall. Defendant's witness, a building handyman, testified that he inspected the premises every morning, including the morning of the incident, and that he never saw nor received complaints regarding leaks from the skylight. However, plaintiff testified that it had rained the previous day, as well as the morning of the incident, that her employer, a resident of defendant's building, told her that water had been collecting on that landing when it rained "for many years," and that plaintiff passed along her employer's complaints to the building's superintendent prior to her accident. She further testified that, after she fell, she herself saw the water leaking from a light fixture and into the hallway, and her employer's nephew indicated that he too had previously complained about the water leakage. Plaintiff's failure to notice the wet condition of the floor prior to her fall does "not conclusively establish [defendant's] lack of notice" (Porco v Marshalls Dept. Stores, 30 AD3d 284, 284—285 [1st Dept 2006]).
Although the statements made by plaintiff's employer and the employer's nephew are hearsay, the record indicates that the declarants were not available, and the testimony was properly considered in opposition to defendant's summary judgment motion along with other nonhearsay evidence (see Matter of New York City Asbestos Litig., 190 AD3d 589, 590-591 [1st Dept 2021]). Moreover, the statements were offered not for the truth of the matter asserted but to show that defendant received information about the leak and was therefore on notice (see Splawn v Lextaj Corp., 197 AD2d 479 [1st Dept 1993], lv denied 83 NY2d 753 [1994]).
Finally, to the extent defendant seeks dismissal of the alleged statutory violations as a matter of law, its arguments are unavailing. The record is devoid of sufficient proof that no substantial alterations were made after 1951, which would bring it within the ambit of the Multiple Dwelling Law and the various city, building, and fire codes asserted. The parties' conflicting expert opinions as to whether defendant violated these statutes raises questions of fact that cannot be resolved on a motion for summary judgment (see Shillingford v New York City Tr. Auth., 147 AD3d 465, 465 [1st Dept 2017]).
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026