Hermina v 2050 Valentine Ave., LLC (2026 NY Slip Op 00316)

Hermina v 2050 Valentine Ave., LLC

2026 NY Slip Op 00316

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Moulton, J.P., Mendez, Rodriguez, Rosado, Hagler, JJ. 

Index No. 813257/24|Appeal No. 5663|Case No. 2025-01667|

[*1]Daniel Hermina, Plaintiff-Appellant,
v2050 Valentine Avenue, LLC, et al., Defendants-Respondents.

Law Office of Luis Guerrero, PLLC, New York (Luis Guerrero of counsel), for appellant.
Gallo Vituuci Klar LLP, New York (Syed T. Hasan of counsel), for respondents.

Order, Supreme Court, Bronx County (Raymond P. Fernandez, J.), entered on or about February 25, 2025, which granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
Supreme Court should not have granted defendants' motion to dismiss the complaint. As defendants concede, CPLR 205(a) does not apply because "[w]here, as here, the statutory time limit has not expired . . . [CPLR 205(a)] cannot be applied in such a way as to shorten the period otherwise available to the plaintiff" (Schindler v Issler & Schrage, 262 AD2d 226, 227 [1st Dept 1999], quoting United States Fid. & Guar. Co v Smith Co., 46 NY2d 498, 505 [1979]). The alleged slip and fall took place on August 24, 2021, and plaintiff filed the prior action on April 5, 2022, which was then dismissed by order entered on or about December 7, 2023. Plaintiff then refiled the instant complaint on August 21, 2024, within the three-year statute of limitations for his personal injury claim.
Nor is the refiled complaint barred by the doctrine of res judicata because the order dismissing plaintiff's prior action was not on the merits(see Sumar v Fox, 90 AD3d 577, 577 [1st Dept 2011]). Defendants moved to dismiss the prior action for failure to respond to discovery demands. Plaintiff did not oppose the motion, which was granted "without opposition," and with no indication that the dismissal was on the merits or with prejudice. Supreme Court was without authority to revise the prior order by adding the words "with prejudice" because that revision substantively changes the prior order (see B & H Fla. Notes LLC v Ashkenazi, 182 AD3d 525, 526 [1st Dept 2020], lv denied 36 NY3d 906 [2021]; Johnson v Societe Generale S.A., 94 AD3d 663, 664-665 [1st Dept 2012]). Moreover, plaintiff was not required to contest the dismissal of the prior action before commencing this action (see Sumar, 90 AD3d at 577).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026