Rego Park Lender LLC v Golyan (2026 NY Slip Op 01142)

Rego Park Lender LLC v Golyan

2026 NY Slip Op 01142

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 652901/24|Appeal No. 5964-5965|Case No. 2024-06962 2025-01292|

[*1]Rego Park Lender LLC, Plaintiff-Respondent,
vPranses Golyan etc., et al., Defendants-Appellants.

Catafago Fini LLP, New York (Jacques Catafago of counsel), for Pranses Golyan and Faraidoon Golyan, appellants.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Greg S. Zucker of counsel), for Joseph Golyan, appellant.
Woods Oviatt Gilman LLP, Rochester (Robert J. Marks of counsel), for respondent.

Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered January 13, 2025, in plaintiff's favor in the total amount of $6,617,633.69, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about October 22, 2024, which granted plaintiff's motion for summary judgment in lieu of complaint, denied defendants' cross-motions to dismiss the action pursuant to CPLR 3211 (a) (7) and RPAPL 1371 (3), and awarded plaintiff judgment against defendants, jointly and severally, in the amount of $6,516,365.22, plus interest and attorneys' fees, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff satisfied its prima facie burden on its CPLR 3213 motion for summary judgment in lieu of complaint by demonstrating the existence of the guaranty and underlying debt, which arose from the default under a commercial mortgage by nonparty Golyan Enterprises LLC (the Borrower), as well as defendant guarantors' failure to perform under the guaranty (see BBM3, LLC v Vosotas, 216 AD3d 403, 403 [1st Dept 2023]). The guaranty included a waiver by defendants of any defenses to the performance of their obligations under the guaranty, including defenses based on "any manner of application of any funds received by" plaintiff. This insulated plaintiff from any objection to its election to apply $4,119,671.36 of its credit bid from the sale of the mortgaged premises to the outstanding principal balance due under the underlying note (see DB 232 Seigel Mezz LLC v Moskovits, 223 AD3d 610, 611 [1st Dept 2024]). Nor do the note and mortgage provide any instructions as to the order in which plaintiff was to apply the credit with respect to unpaid principal and interest. The language in those documents that defendants rely on is largely quoted out of context, instead of read "in a manner that accords the words their fair and reasonable meaning, and achieves a practical interpretation of the expressions of the parties" (Greenwich Capital Fin. Prods., Inc. v Negrin, 74 AD3d 413, 415 [1st Dept 2010][internal quotation marks omitted]).
We reject defendants' argument that plaintiff was required to move for a deficiency judgment against the borrower in the underlying foreclosure action under RPAPL 1371 before it could proceed under the guaranty. A judgment of foreclosure and sale was never granted in the underlying foreclosure action because the borrower commenced a bankruptcy proceeding in which the mortgaged property was sold, rendering the foreclosure action moot and causing plaintiff to voluntarily withdraw it. Accordingly, a motion for a deficiency judgment was not possible and the statute was inapplicable (see B & H Florida Notes LLC v Ashkenazi, 149 AD3d 401, 402 [1st Dept 2017]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026